[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10469
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00052-SDM-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID L. BULLOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2020)

Before JORDAN, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

David Bullock, a federal prisoner, appeals the district court's order denying his motion to reduce sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B). He argues that the district court erred in finding him ineligible for First Step Act relief. After review, and based on our recent decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), we vacate the order denying Bullock's First Step Act motion and remand for further proceedings.

## I. BACKGROUND

### A.    2009 Guilty Plea

In 2009, Bullock pled guilty to conspiring to possess with intent to distribute an unspecified quantity of cocaine and five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846. In the plea agreement, Bullock stipulated that his offense involved 25 grams of crack cocaine and 14.3 grams of powder cocaine. At the time, Bullock had at least three prior Florida felony convictions for possessing and/or delivering cocaine.

Prior to his guilty plea, the government filed a 21 U.S.C. § 851 information advising Bullock it would rely on his three prior Florida felony convictions to seek enhanced statutory penalties. As a result, Bullock faced a statutory mandatory minimum penalty of 10 years in prison and a statutory maximum penalty of life in prison. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006).

2

**B.    Sentencing**

According to the Presentence Investigation Report ("PSI"), an undercover detective purchased 14.3 grams of cocaine and 9.4 grams of crack cocaine from Bullock and his codefendant.  The next day, the undercover detective purchased an additional 15.6 grams of crack cocaine from Bullock and his codefendant.  The following day, the undercover detective purchased what appeared to be 141.75 grams of crack cocaine from Bullock and his codefendant, but later lab analysis revealed that the substance was fake and did not contain any cocaine.  The PSI found that Bullock was accountable for (1) 14.3 grams of powder cocaine, and (2) 166.75 grams of crack cocaine (a combination of the 9.4 and 15.6 grams of real crack cocaine and the 141.75 grams of fake crack cocaine).

Because Bullock qualified as a career offender, the PSI calculated his offense level under the career offender guideline in U.S.S.G. § 4B1.1, and not the drug offense guidelines.  As a career offender, Bullock's offense level was 37 because his statutory maximum penalty for his drug offense was increased to life under 21 U.S.C. § 841(b)(1)(B)(iii).  See U.S.S.G. § 4B1.1(b)(A) (2008).  After a three-level reduction for acceptance of responsibility, Bullock's total offense level was 34.  Even without the career offender provision, Bullock's criminal history category was VI by virtue of his 21 criminal history points.  His advisory guidelines range was 262 to 327 months' imprisonment.

3

At the 2009 sentencing hearing, the parties did not dispute the amount of powder or crack cocaine attributed to Bullock or the PSI's guidelines calculations. Adopting the PSI's guidelines calculation, the district court imposed a 262-month sentence, the low end of the advisory range.

## C.    Bullock's 2019 Motion for a Sentence Reduction

In January 2019, Bullock filed a pro se notice of supplemental authority, which the district court construed as a motion for a reduced sentence under § 404 of the First Step Act. The district court appointed counsel for Bullock to determine Bullock's eligibility for a sentence reduction under the First Step Act. In response, the United States Probation Office filed a memorandum explaining that Bullock was ineligible for First Step Act relief because (1) he was held accountable for 166.75 grams of crack cocaine at sentencing, (2) that crack cocaine amount exceeded the new 28-grams threshold, and (3) thus Bullock's statutory penalty range remained unchanged.

Bullock filed an unopposed motion to reduce his sentence under the First Step Act. Bullock explained that both he and the government disagreed with the Probation Office. Bullock and the government agreed that Bullock was entitled to a sentence reduction under § 404 of the First Step Act because he had stipulated to a drug quantity of 25 grams of crack cocaine in the plea agreement, which was below the new 28-grams threshold. As a result, Bullock and the government

4

agreed that Bullock's statutory penalties and advisory guidelines range were now reduced.

The district court denied Bullock's motion, finding him ineligible for relief under the First Step Act. The district court found that, at sentencing, Bullock was held accountable for 166.75 grams of crack cocaine, and, therefore, the statutory penalties for his drug offense remained unchanged by the First Step Act.

## II. DISCUSSION

### A.    Statutory Provisions

Under § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent <u>otherwise expressly permitted by statute</u> or by Rule 35 of the Federal Rules of Criminal Procedure."[1]  18 U.S.C. § 3582(c)(1)(B) (emphasis added).  "And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment" in certain instances for "covered offenses."  Jones, 962 F.3d at 1297 (addressing the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act")).

Specifically, § 404 of the First Step Act "permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if

---

[1]The other two circumstances are: (1) under § 3582(c)(1)(A), when either the Bureau of Prisons or the defendant has filed a motion and extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other criteria; or (2) under § 3582(c)(2), when a defendant has been sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o).  <u>See</u> 18 U.S.C. § 3582(c).

sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" Jones, 962 F.3d at 1297 (quoting the First Step Act § 404(b), 132 Stat. at 5222) (alteration in original). "To be eligible for a reduction, the district court must have 'imposed a sentence' on the [defendant] for a 'covered offense.'" Id. at 1298 (quoting the First Step Act §404(a)-(b)). The First Step Act authorizes, but does not require, a sentence reduction for a covered offense. Id.; see also First Step Act § 404(b), 132 Stat. at 5222.

In turn, sections 2 and 3 of the Fair Sentencing Act reduced the penalties for certain specific crack cocaine offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. In particular, section 2 increased the quantity of crack cocaine required to trigger the higher statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii). Id. § 2; see Dorsey v. United States, 567 U.S. 260, 264, 132 S. Ct. 2321, 2326 (2012); Jones, 962 F.3d at 1297.[2] Relevant to Bullock's appeal, section 2 raised the threshold drug quantity of crack cocaine from 5 grams to 28 grams for § 841(b)(1)(B)(iii)'s 10-year mandatory minimum and life statutory maximum penalties. Fair Sentencing Act § 2(a)(2). Prior to the First Step Act, these changes did not apply retroactively to

---

[2]As explained in Jones, section 2 of the Fair Sentencing Act, the only section applicable in Bullock's appeal, "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." Jones, 962 F.3d at 1298.

6

offenders sentenced before its August 3, 2010 effective date.  Dorsey, 567 U.S. at 264, 132 S. Ct. at 2326; Jones, 962 F.3d at 1297.  However, the First Step Act of 2018, in effect, makes section 2 of the Fair Sentencing Act of 2010 retroactive to Bullock's 2009 sentencing for his violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

Thus, in ruling on a defendant's First Step Act motion, the district court "is permitted to reduce a defendant's sentence only on a 'covered offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense."  United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020).  The district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3" or "to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3."  Id.

## B.    Bullock's claim

On appeal, Bullock argues that he is eligible for relief under § 404 of the First Step Act because he stipulated to a drug quantity of 25 grams in his plea agreement, which, under the Fair Sentencing Act, would now trigger a lower statutory penalty range.  In response, the government concedes that Bullock was convicted of a "covered offense" under § 404 of the First Step Act.  Nonetheless, the government argues that the district court lacked authority to reduce Bullock's

sentence because, at sentencing, Bullock admitted that his offense involved 166.75 grams of crack cocaine, and, therefore, his statutory penalty range did not change.[3] As explained below, Jones has now rejected this type of claim.

For starters, in Jones, this Court held that the district court imposed a sentence for a "covered offense" if the defendant's crack-cocaine offense triggered the enhanced penalties in § 841(b)(1)(A)(iii) or (B)(iii). Jones, 962 F.3d at 1300-01. To determine whether the defendant's offense triggered those enhanced penalties and is a "covered offense," district courts "must consult the record, including the [defendant's] charging documents, the jury verdict or guilty plea, the sentencing record, and the final judgment." Id. The Jones Court rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the defendant's violation. Id. at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering the penalties in § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering the penalties in § 841(b)(1)(B)(iii). Id. Accordingly, under Jones, a district court may not rely on "its earlier [drug-quantity] findings . . . that

---

[3]This Court reviews de novo whether a district court had the authority to modify a term of imprisonment. Jones, 962 F.3d at 1296.

were unrelated to the [defendant's] statutory penalty to conclude that he did not commit a covered offense." Id. at 1301-02.

Next, the Jones Court explained that "a [defendant's] satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence." Id. at 1303.  Specifically, the "as if" qualifier in § 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority.  Id. (quotation marks omitted) (alteration in original); see First Step Act § 404(b). First, the district court cannot reduce a sentence where the defendant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." Jones, 962 F.3d at 1303.  "Second, in determining what a [defendant's] statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the [defendant's] statutory penalty at the time of sentencing." Id.

Here, as the government concedes, Bullock was sentenced for a "covered offense" under Section 404(b) of the First Step Act.  In 2009, Bullock was charged with conspiring to possess with intent to distribute five grams or more of crack cocaine and an unspecified amount of powder cocaine.  In his plea agreement, Bullock stipulated that the amount of crack cocaine involved in the offense was 25

9

grams. Contrary to the government's argument, the quantity of drugs attributed to Bullock for sentencing purposes (166.75 grams) is not relevant to whether he was eligible for a reduction under the First Step Act. See id. at 1301-02 (stating that a district court may not rely on "its earlier [drug-quantity] findings . . . that were unrelated to the [defendant's] statutory penalty to conclude that he did not commit a covered offense."). Rather, the relevant quantity for eligibility purposes is the 25 grams that Bullock stipulated to in his plea agreement because that amount triggered the enhanced statutory penalties in § 841(b)(1)(B)(iii). Id. Thus, because Bullock was subject to the enhanced statutory penalties in § 841(b)(1)(B)(iii), which were modified by the Fair Sentencing Act, Bullock's offense qualifies as a "covered offense." See id. at 1301.

As a result, the district court had the authority to reduce Bullock's sentence "as if" the Fair Sentencing Act was in effect at the time of his offense. Under the Fair Sentencing Act, Bullock's offense would now result in no mandatory minimum prison term (as opposed to 10 years) and a statutory maximum penalty of 30 years (as opposed to life). Compare 21 U.S.C. § 841(b)(1)(B)(iii) (2006), with 21 U.S.C. § 841(b)(1)(C) (2010). The 30-year statutory maximum penalty, in turn, would lower Bullock's offense level to 34 under the career offender provision and

would result in a lower advisory guidelines range of 188 to 235 months.[4]  See

U.S.S.G. § 4B1.1(b).  Accordingly, the district court erred in finding Bullock

ineligible for First Step Act relief.

However, eligibility does not mean entitlement.  Although a district court

may have the authority to reduce a sentence under § 404 of the First Step Act, it is

not required to do so.  Jones, 962 F.3d at 1304.  A district court has "wide latitude

to determine whether and how to exercise [its] discretion," and it may consider the

18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the

purposes of relevant conduct.  Id. at 1301, 1304.  Accordingly, we vacate the order

denying Bullock's First Step Act motion and remand for further proceedings to

allow the district court to exercise its discretion as to Bullock's request to reduce

his sentence under the First Step Act.

**VACATED and REMANDED.**

---

[4]This guidelines range is based on an offense level of 31 after accounting for Bullock's 3-level reduction for accepting responsibility.

11