[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11976
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60284-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LANIER,
a.k.a. Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2020)

Before JILL PRYOR, BRASHER and HULL, Circuit Judges.

PER CURIAM:

William Lanier, a federal prisoner, appeals the district court's order denying his motion to reduce sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B).  He argues that the district court erred in finding him ineligible for First Step Act relief.  After review, and based on our recent decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), we vacate the order denying Lanier's First Step Act motion and remand for further proceedings.

## I. BACKGROUND

### A.    2011 Guilty Plea

In a 2011 plea agreement, Lanier pled guilty to two counts of conspiring to possess with intent to distribute "five (5) grams or more" of crack cocaine,[1] in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Counts 1 and 2).[2]  In a written factual proffer signed by Lanier and the government, Lanier stipulated that Count 1 involved 18.9 grams of crack cocaine, and Count 2 involved 44.5 grams of crack cocaine.  Because the drug quantity involved in each count was between 5 and 50 grams of crack cocaine, Lanier faced a statutory mandatory minimum

---

[1]A superseding information charged Lanier with drug possession offenses, not drug conspiracy offenses, but Lanier's plea agreement, the presentence investigation report, and the sentencing judgment indicate that Lanier was convicted of, and sentenced for, drug conspiracy offenses.

[2]Lanier had also been charged with one count of conspiring to possess with intent to distribute 50 grams or more of crack cocaine, in violation of §§ 841(a)(1), (b)(1)(A), and 846, but, in the plea agreement, the government agreed to dismiss it.

penalty of 5 years in prison and a statutory maximum penalty of 40 years in prison on each count.  See 21 U.S.C. § 841(b)(1)(B)(iii) (2006).

## B.    Sentencing

According to the presentence investigation report ("PSI"), the Drug Enforcement Agency, through a confidential informant ("CI"), learned that Lanier had been facilitating the sale of crack cocaine between his codefendant and buyers. During one transaction, the CI purchased 18.9 grams of crack cocaine from Lanier. During another controlled buy, the CI purchased 44.5 grams of crack cocaine from Lanier.  In the final transaction with Lanier, the CI purchased 50.1 grams of crack cocaine.  Accordingly, a total of 113.5 grams of crack cocaine was attributed to Lanier for the purposes of sentencing.

Because Lanier qualified as a career offender, the PSI calculated his offense level under the career offender guidelines in U.S.S.G. § 4B1.1, and not the drug offense guidelines.  As a career offender, Lanier's offense level was 34 because his statutory maximum penalty for his drug offenses was 40 years' imprisonment under 21 U.S.C. § 841(b)(1)(B)(iii).  See U.S.S.G. § 4B1.1(b)(B) (2010).  After a three-level reduction for accepting responsibility, Lanier's total offense level was 31.  Even without the career offender provision, Lanier's criminal history category was VI by virtue of his 15 criminal history points.  His advisory guidelines range was 188 to 235 months' imprisonment.

At the 2011 sentencing hearing, the parties did not dispute the amount of crack cocaine attributed to Lanier or the PSI's advisory guidelines calculations. After adopting the PSI's advisory guidelines calculations, the district court imposed two concurrent 188-month sentences, the low end of the advisory range.

## C.    Lanier's 2019 Motion for a Sentence Reduction

In February 2019, Lanier filed a pro se motion for a reduced sentence under § 404 of the First Step Act.  Because Count 1 involved only 18.9 grams of crack cocaine, Lanier argued that, under the First Step Act, the statutory maximum for Count 1 was reduced from 40 years to 20 years, and, as a result, his advisory guidelines range also was reduced.  The government agreed that Count 1 involved only 18.9 grams of crack cocaine.  However, the government argued that Lanier was ineligible for a reduction because Count 2 involved 44.5 grams, which was more than the 28 grams of crack cocaine that still triggered a 40-year statutory maximum penalty under the Fair Sentencing Act and § 841(b)(1)(B)(iii).  Because the statutory maximum penalty for Count 2 remained 40 years, Lanier's career offender status and overall advisory guidelines range had not changed.

In an order, the district court denied Lanier's § 404 motion and determined that he was not eligible for relief because, had Lanier been charged today, he "likely would have been charged" with conspiring to possess more than 28 grams of crack cocaine, in light of his plea agreement stipulations.  The district court

4

further reasoned that "putting Lanier in the same likely position that he would have been in had the First Step Act been in existence [at the time of his offenses] does not benefit him as the [c]ourt finds that Count Two would have alleged more than 28 grams.  His guidelines would not have changed."

Later with counsel, Lanier moved for reconsideration of the denial of relief and argued that the relevant quantity of crack cocaine for determining First Step Act eligibility should have been the "five (5) grams or more" amount charged in both Counts of the superseding information, not the actual quantity attributed to him for the purposes of sentencing.  Lanier contended that, under the First Step Act, his offense level was 29, his criminal history was VI, and his advisory guidelines range was now 151 to 188 months' imprisonment.  The district court denied the motion for reconsideration.  This appeal followed.[3]

## II. DISCUSSION

A.    **Statutory Provisions**

Under § 3582(c)(1)(B), a district court "may modify an imposed term of

---

[3]For sure, Lanier's notice of appeal is timely as to the district court's order denying his motion for reconsideration of the initial denial of his First Step Act motion.  On the other hand, it is arguable that Lanier's notice of appeal may not be timely as to the initial denial itself.  Yet the government has not raised any timeliness issues and has briefed only the merits of the appeal as to the initial denial of the First Step Act motion.  Further, subsequent to the district court's rulings, this Court has published an opinion deciding what constitutes a "covered offense" under the First Step Act and other eligibility issues regarding that Act.  See Jones, 962 F.3d at 1298-1302.  Both parties have filed supplemental letter briefs as to Jones.  Therefore, given all these developments, this Court addresses the merits of Lanier's First Step Act motion.

imprisonment to the extent <u>otherwise expressly permitted by statute</u> or by Rule 35 of the Federal Rules of Criminal Procedure."[4]  18 U.S.C. § 3582(c)(1)(B) (emphasis added).  "And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment" in certain instances for "covered offenses."  <u>Jones</u>, 962 F.3d at 1297 (addressing the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act")).  It defines "covered offenses" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 and 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  First Step Act § 404(a), 132 Stat. at 5222.  "A [defendant's] offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties."  <u>Jones</u>, 962 F.3d at 1298.  Stated another way, "a [defendant] has a 'covered offense' if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act."  <u>Id.</u>

Specifically, § 404 of the First Step Act "permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'"  <u>Jones</u>, 962 F.3d at 1297 (quoting the First Step

---

[4]The other two circumstances are: (1) under § 3582(c)(1)(A), when either the Bureau of Prisons or the defendant has filed a motion and extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other criteria; or (2) under § 3582(c)(2), when a defendant has been sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o).  <u>See</u> 18 U.S.C. § 3582(c).

Act § 404(b), 132 Stat. at 5222) (alteration in original). "To be eligible for a reduction, the district court must have 'imposed a sentence' on the [defendant] for a 'covered offense.'" Id. at 1298 (quoting the First Step Act § 404(a)-(b), 132 Stat. at 5222). The First Step Act authorizes, but does not require, a sentence reduction for a covered offense. Id.; see also First Step Act § 404(b), 132 Stat. at 5222.

Further, sections 2 and 3 of the Fair Sentencing Act reduced the penalties for certain specific crack cocaine offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. In particular, section 2 increased the quantity of crack cocaine required to trigger the higher statutory penalties prescribed by 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii). Id. § 2(a), 124 Stat. at 2372; see Dorsey v. United States, 567 U.S. 260, 264, 132 S. Ct. 2321, 2326 (2012); Jones, 962 F.3d at 1297.[5] Relevant to Lanier's appeal, section 2 raised the threshold drug quantity of crack cocaine from 5 grams to 28 grams for § 841(b)(1)(B)(iii)'s 5-year statutory mandatory minimum and 40-year statutory maximum penalties. Fair Sentencing Act § 2(a)(2). Prior to the First Step Act, these changes did not apply retroactively to offenders sentenced before its August 3, 2010 effective date. Dorsey, 567 U.S. at 264, 132 S. Ct. at 2326; Jones, 962

---

[5]As explained in Jones, section 2 of the Fair Sentencing Act, the only section applicable in Lanier's appeal, "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." Jones, 962 F.3d at 1298.

F.3d at 1297.  However, the First Step Act of 2018, in effect, makes section 2 of the Fair Sentencing Act of 2010 retroactive to Lanier's 2011 sentencing for his violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 846.

Thus, in ruling on a defendant's First Step Act motion, the district court "is permitted to reduce a defendant's sentence only on a 'covered offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense."  United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020).  The district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3" or "to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3."  Id.

## B.    Lanier's claims

On appeal, Lanier argues that he is eligible for relief under § 404 of the First Step Act because he was convicted of "covered offense[s]," and the district court should have exercised its discretion rather than finding him ineligible for relief based on the actual drug quantities involved in the offenses.[6]

In Jones, this Court held that the district court imposed a sentence for a "covered offense" if the defendant's crack cocaine offense triggered the enhanced

---

[6]This Court reviews de novo whether a district court had the authority to modify a term of imprisonment.  Jones, 962 F.3d at 1296.

8

penalties in § 841(b)(1)(A)(iii) or (B)(iii).  Jones, 962 F.3d at 1300-01.  To determine whether the defendant's offense triggered those enhanced penalties and is a "covered offense," district courts "must consult the record, including the [defendant's] charging documents, the jury verdict or guilty plea, the sentencing record, and the final judgment."  Id.  The Jones Court rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the defendant's violation.  Id. at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug-quantity elements in a § 841 offense—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering the penalties in § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering the penalties in § 841(b)(1)(B)(iii).  Id.  Accordingly, under Jones, a district court may not rely on "its earlier [drug-quantity] findings . . . that were unrelated to the [defendant's] statutory penalty to conclude that he did not commit a covered offense."  Id. at 1301-02.[7]

---

[7]The elements of the relevant drug offenses are found in § 841.  Jones, 962 F.3d at 1301. Before the Fair Sentencing Act, "the drug-quantity element in section 841(b)(1)(A)(iii) was 50 grams or more of crack cocaine, and the drug-quantity element in section 841(b)(1)(B)(iii) was five grams or more of crack cocaine."  Id.  "[A]ny quantity in the range sufficed and the offense would have as an element either 50 grams or more or five grams or more of crack cocaine, respectively."  Id.  "The ranges did not create an infinite number of crack-cocaine offenses."  Id. Thus, for purposes of determining whether a prior offense is a "covered offense" under the First Step Act, the actual drug quantity involved in that offense is irrelevant as far as the element and the offense are concerned.  Id.  However, as explained later, the actual drug quantity is not

Here, in 2011, Lanier pled guilty to two counts of conspiring to possess with intent to distribute "five (5) grams or more" of crack cocaine, as charged in the superseding information.  In a factual proffer, he stipulated that the amount of crack cocaine involved in Count 1 was 18.9 grams, and the amount involved in Count 2 was 44.5 grams.  Because the drug-quantity element in each count was 5 grams or more, Lanier was subject to the statutory penalties in § 841(b)(1)(B)(iii) of a 5-year statutory mandatory minimum and a 40-year statutory maximum.  The Fair Sentencing Act has now modified and reduced the statutory penalties for drug offenses involving "5 grams or more" of crack cocaine to no mandatory minimum prison term (as opposed to 5 years) and a statutory maximum penalty of 20 years (as opposed to 40 years).  Compare 21 U.S.C. § 841(b)(1)(B)(iii) (2006), with 21 U.S.C. § 841(b)(1)(C) (2010).  Thus, Lanier's offenses qualify as "covered offense[s]."  See Jones, 962 F.3d at 1300-01.

We also must address the next step in Jones.  The Jones Court explained that "a [defendant's] satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence."  Id. at 1303.  Specifically, the "as if" qualifier in § 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were

---

irrelevant in determining the statutory penalty under the Fair Sentencing Act and in the district court's exercise of its discretion under the First Step Act.

10

in effect at the time the covered offense was committed," imposes two limitations on the district court's authority to reduce a sentence for a covered offense. Id. (quotation marks omitted) (alteration in original); see First Step Act § 404(b). First, the district court cannot reduce a sentence for a covered offense where the defendant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." Jones, 962 F.3d at 1303. "Second, in determining what a [defendant's] statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the [defendant's] statutory penalty at the time of sentencing." Id.

As further explanation, the Jones Court instructed that, "[i]f the [defendant's] sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks authority to reduce the [defendant's] sentence." Id. "Any reduction the district court would grant would not be 'as if' the Fair Sentencing Act had been in effect." Id.

Accordingly, the "as if" qualifier in the First Step Act requires a district court to determine Lanier's new penalty ranges under the Fair Sentencing Act. In doing so, the district court is bound by a previous drug-quantity finding that could have been used to determine the statutory penalty at the time of sentencing. Under the Fair Sentencing Act, Lanier's Count 1 offense and the stipulated 18.9 grams in

11

the factual proffer would now result in no statutory mandatory minimum prison term and a statutory maximum of 20 years. Lanier's Count 2 offense and the stipulated 44.5 grams would still result in a statutory mandatory minimum of 5 years and a statutory maximum of 40 years because that drug quantity is over 28 grams and under 280 grams. See Fair Sentencing Act § 2(a), 124 Stat. at 2372.[8] Because Lanier's two concurrent sentences are 188 months each, he has not received the lowest statutory penalty that would be available to him under the Fair Sentencing Act. See Jones, 962 F.3d at 1303.

However, eligibility does not mean entitlement. Although a district court may have the authority and discretion to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. A district court has "wide latitude to determine whether and how to exercise [its] discretion," and it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct, including Lanier's admitted total crack cocaine amount of 113.5 grams. Id. at 1301, 1304. And Lanier's career offender status is

---

[8]Under the Fair Sentencing Act, a drug quantity of less than 28 grams triggers no statutory mandatory minimum and a statutory maximum of 20 years. 21 U.S.C. § 841(b)(1)(C) (2010). A drug quantity over 28 grams to 280 grams triggers a statutory mandatory minimum of 5 years and a statutory maximum of 40. Id. § 841(b)(1)(B)(iii) (2010). A drug quantity of more than 280 grams triggers a statutory mandatory minimum of 10 years and a statutory maximum of life. Id. § 841 (b)(1)(A)(iii) (2010).

Although Lanier's Count 2 offense still triggers the same statutory penalties because his 44.5 grams is over 28 grams, his Count 2 offense remains a "covered offense" because the Fair Sentencing Act modified the statutory penalties for his offense element of 5 grams or more that applied in 2011.

not affected by the Fair Sentencing Act because he still has a 40-year statutory maximum penalty on his drug offense in Count 2.  Nonetheless, Lanier's two drug convictions are "covered offenses," and he is eligible to have the district court consider whether to exercise its discretion to reduce his sentences in consideration of the statutory ranges that now apply under the Fair Sentencing Act, while maintaining all other unaffected, original sentencing determinations.  See id. at 1304; Denson, 963 F.3d at 1089.  Accordingly, we vacate the order denying Lanier's First Step Act motion and remand for further proceedings to allow the district court to exercise its discretion as to Lanier's request to reduce his sentences under the First Step Act.

**VACATED AND REMANDED.**