[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-12846 & 19-12921
Non-Argument Calendar

_____

D.C. Docket No. 9:95-cr-08094-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS E. SHAW,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 6, 2020)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Carlos Shaw appeals from the district court's denial of his motion for a reduction of sentence under the First Step Act. Because Mr. Shaw has at least some covered offenses under the Act, and because it is unclear whether the district court denied his motion in the exercise of its discretion, we reverse and remand for further proceedings.[1]

In 1996, a federal grand jury returned a twelve-count superseding indictment against Mr. Shaw, charging him with various powder cocaine and cocaine base (i.e., crack cocaine) offenses. Prior to trial, the government filed its notice of intent to rely on Mr. Shaw's three prior felony drug convictions to enhance his sentence. *See* 21 U.S.C. § 851.

The jury convicted Mr. Shaw on all counts. At the sentencing hearing, held in 1997, the district court agreed with the government's request for a mandatory minimum life sentence because Mr. Shaw had three prior felony drug convictions and 1.5 kilograms of crack cocaine were attributable to him. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), 851. The district court sentenced Mr. Shaw to concurrent terms of life imprisonment on each of the counts of conviction. On appeal, we affirmed Mr. Shaw's convictions. *See United States v. Shaw*, 207 F.3d 662 (11th Cir. 2000) (table).

---

[1] As we write for the parties, we assume their familiarity with the record and set out only what is necessary to explain our decision.

2

In 2019, Mr. Shaw, proceeding *pro se*, moved in the district court for a reduction of his sentence under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.  Mr. Shaw argued that the jury convicted him of covered offenses under the Act and asked the district court to exercise its discretion under the Act to reduce his sentence on those convictions to twenty years' imprisonment.  *See* D.E. 189 at 1, 3–5.  The government, opposing Mr. Shaw's motion, argued that "even if the First Step Act applied to his sentences for the crack cocaine offenses," the motion should be denied because he was also serving mandatory life in prison for non-covered offenses.  *See* D.E. 192 at 5.

The district court denied Mr. Shaw's motion.  It explained that he had five convictions involving over 100 kilograms of powder cocaine, and these convictions—which resulted in five mandatory (and concurrent) terms of life imprisonment—were not "covered offenses" under the Act because they did not involve crack cocaine.  *See* D.E. 195 at 1.  "Thus, even if [it] could reduce the term of imprisonment for [Mr. Shaw's] crack cocaine convictions, [he] would still be subject to a life term imprisonment for the non-covered offenses."  *Id.* at 1–2.  In its order denying Mr. Shaw's motion for reconsideration, the district court stated that "First Step Act relief is not warranted due to [Mr. Shaw's] powder cocaine convictions."  D.E. 197 at 1.

Mr. Shaw, again proceeding *pro se*, now appeals.  He contends that the jury

3

convicted him of covered offenses, and he is therefore eligible for relief under the First Step Act.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act. *See United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020). We then review the district court's denial of an eligible movant's request for a reduced sentence under the Act for an abuse of discretion. *See id.* [2]

In *Jones*, we held that the First Step Act grants the district court the authority to modify a sentence if the defendant was sentenced for a "covered offense," which as relevant here is a crack cocaine offense that "triggered the higher penalties in [21 U.S.C. § 841](b)(1)(A)(iii) or (B)(iii)." *See Jones*, 962 F.3d at 1300-01. Notably, as to two defendants in that case, Mr. Allen and Mr. Johnson, we concluded that they had been convicted of covered offenses under the Act and vacated the orders denying them relief, as it was not clear whether the district court "understood its authority to reduce the . . . sentence below the revised guideline range." *Id.* at 1304–05.

Applying *Jones* to this case, we agree with Mr. Shaw and the government that at least some of Mr. Shaw's crack cocaine convictions were covered offenses under

---

[2] Because the parties filed their briefs before we decided *Jones*, we asked them to provide supplemental briefing on the effect of *Jones* to their case. In its supplemental brief, the government concedes that Mr. Shaw was eligible for a sentence reduction under the Act because his crack cocaine convictions constitute covered offenses.

4

the First Step Act. *See Jones*, 962 F.3d at 1300-03; *United States v. Denson*, 963 F.3d 1080, 1083-84 (11th Cir. 2020). The only question, then, is whether the district court denied relief because it thought that Mr. Shaw did not have any covered offenses or because, in the exercise of its discretion, it did not believe that a sentence reduction was appropriate. As we explained in *Jones* and *Denson*, the grant of relief under the First Step Act is discretionary. *See, e.g., Denson*, 963 F.3d at 1086-87.

In our view, the district court's orders denying relief are ambiguous. In its initial order, the district court stated that "even if [it] could reduce the term of imprisonment for [Mr. Shaw's] crack cocaine convictions, [he] would still be subject to a life term imprisonment for the non-covered offenses." D.E. 195 at 1-2. In its order denying Mr. Shaw's motion for reconsideration, the district court stated that it "ha[d] already concluded that First Step Act relief is not warranted due to [Mr. Shaw's] powder cocaine convictions." D.E. 197 at 1.

The district court never expressly acknowledged that Mr. Shaw had covered offenses, or that it had discretion to grant relief on those covered offenses. Nor did it say that it was declining to exercise its discretion. Though one possible reading of the orders—the reading the government advocates—is that the district court was indeed exercising its discretion, we are just not confident that this is the only appropriate interpretation. On the record before us, "[w]e cannot be sure that the district court understood its authority to reduce [Mr. Shaw's] sentence" as it relates

5

to his covered offenses. *See Jones*, 962 F.3d at 1305.

For example, in *Jones* the district court overseeing Mr. Allen's case denied relief under the First Step Act because (1) Mr. Allen's existing sentence was 360 months (due to a presidential commutation), and (2) Mr. Allen, as a career offender, would still score out to a sentencing range of 360 months-life under the Sentencing Guidelines. Nevertheless, we were not sure that the district court had exercised its discretion in denying Mr. Allen's motion under the First Step Act, and vacated and remanded for further proceedings. *See id.* We came to the same conclusion about Mr. Johnson. The district court in his case had denied relief because Mr. Johnson's current sentence, due to a presidential commutation, was already two years less than the revised imprisonment range under the Sentencing Guidelines. As a result, the district court thought that the First Step Act afforded Mr. Johnson with no relief. We ruled that the district court's order was ambiguous, and vacated and remanded. *See id.*

We follow the same cautious course here.

**VACATED AND REMANDED.**