[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11696
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cr-00025-RH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY EDWARD DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 24, 2020)

Before GRANT, LUCK and HULL, Circuit Judges.

HULL, Circuit Judge:

Tony Denson, a federal prisoner, appeals the district court's order reducing his sentence for his crack cocaine conviction pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B).  Without a hearing, the district court granted Denson's First Step Act motion and reduced his sentence from 262 months' imprisonment, followed by 8 years of supervised release to 188 months' imprisonment, followed by 6 years of supervised release.  This reduction was significant but less than the reduction Denson requested.  The issue on appeal is whether the district court is required to first hold a hearing at which Denson was present.  Denson claims the district court erred by not holding a hearing.

After review, we join the Fifth and Eighth Circuits in concluding that the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act.  See United States v. Jackson, 945 F.3d 315, 321-22 (5th Cir. 2019), cert. denied, ___ U.S. ___, S. Ct. ___, 2020 WL 1906710 (2020); United States v. Williams, 943 F.3d 841, 843-44 (8th Cir. 2019).  Denson also has shown no due process violation.  Therefore, we affirm Denson's sentence.

## I.  BACKGROUND FACTS

### A.    2009 Guilty Plea

In 2009, Denson pled guilty to distributing more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count III), and

possessing a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count IV).  In his kitchen, Denson sold approximately 14 grams of crack cocaine to a confidential source who observed a handgun next to a shoebox containing cocaine on top of Denson's kitchen counter. During a subsequent search, law enforcement found multiple firearms and ammunition.  At the time, Denson had at least four prior Florida felony convictions, including a conviction for sale of cocaine and convictions for possession of a firearm by a convicted felon, possession of a short-barreled shotgun, and dealing in stolen property.

Prior to his guilty plea, the government had filed a 21 U.S.C. § 851 information advising Denson it would rely on his four prior Florida felony convictions to seek enhanced statutory penalties.  As a result, Denson faced a statutory mandatory minimum penalty of 10 years in prison and a statutory maximum penalty of life in prison and at least 8 years of supervised release.  See 21 U.S.C. § 841(b)(1)(B)(iii) (2006).

## B.    Sentencing

The Presentence Investigation Report ("PSI") found that Denson was accountable for 24.5 grams of crack cocaine.  However, because Denson qualified as a career offender, the PSI calculated his offense level under the career offender

guideline in U.S.S.G. § 4B1.1,[1] and not the drug offense guidelines. As a career offender, Denson automatically received an offense level of 37 because his statutory maximum penalty for his Count III drug conviction was increased to life under 21 U.S.C. § 841(b)(1)(B)(iii). See U.S.S.G. § 4B1.1(b)(A) (2008). After a three-level reduction for acceptance of responsibility, Denson's total offense level was 34. Even without the career offender provision, Denson's criminal history category was VI by virtue of his 23 criminal history points. His advisory guidelines range was 262 to 327 months' imprisonment.

At the 2009 sentencing hearing, the parties did not dispute the PSI's guidelines calculations, which the district court adopted. The district court imposed a 262-month sentence for his drug conviction (Count III), followed by 8 years of supervised release, and a concurrent 120-month sentence for his firearm conviction (Count IV), followed by 3 years of supervised release. The district court denied Denson's request for a downward variance, noting, inter alia, Denson's extensive criminal history that included both drug crimes and crimes of violence, which was "more substantial than many people who qualify as a career offender under the guidelines." The district court found that Denson "has very

---

[1] The PSI designated Denson a career offender based on his 1991 Florida conviction for aggravated battery and his 1992 Florida conviction for possession of a short-barreled shotgun. In this appeal, there is no dispute that these two convictions continue to qualify Denson as a career offender under U.S.S.G. § 4B1.1.

much the kind of criminal history that Congress had in mind when it adopted the career offender provision" and that "the Sentencing Commission had in mind when it adopted the guidelines."

## II.  FIRST STEP ACT OF 2018

### A.    Statutory Provisions

In December 2018, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").  Section 404 of the First Step Act "permits a district 'court that imposed a sentence for a covered offense' to impose a reduced sentence for defendants 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'"  United States v. Jones, ___ F.3d ___, No. 19-12847, 2020 WL 3248113, at *5 (11th Cir. June 16, 2020) (quoting the First Step Act § 404(b), 132 Stat. at 5222).  "To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'"  Id. (quoting the First Step Act §404(a)-(b)).  The First Step Act authorizes, but does not require, a sentence reduction for a covered offense. Id.; see also First Step Act § 404(b), 132 Stat. at 5222.

In turn, sections 2 and 3 of the Fair Sentencing Act reduced the penalties for certain specific crack cocaine offenses.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372.  In particular, section 2 increased the quantity of crack cocaine required to trigger the higher statutory penalties

prescribed by 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii).  Id. § 2; see Dorsey v. United States, 567 U.S. 260, 264, 132 S. Ct. 2321, 2326 (2012); United States v. Jones, ___ F.3d at ___, No. 19-12847, 2020 WL 3248113, at *4.[2]  Relevant to Denson's appeal, section 2 raised the threshold drug quantity of crack cocaine from 5 grams to 28 grams for § 841(b)(1)(B)(iii)'s 10-year mandatory minimum and life statutory maximum penalties.  Fair Sentencing Act § 2.  Prior to the First Step Act, these changes did not apply retroactively to offenders sentenced before its August 3, 2010 effective date.  Dorsey, 567 U.S. at 264, 132 S. Ct. at 2326; Jones, ___ F.3d at ___, 2020 WL 3248113, at *4.  However, the First Step Act of 2018, in effect, makes section 2 of the Fair Sentencing Act of 2010 retroactive to Denson's 2009 sentencing for his violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count III).

**B.    Denson's 2019 Motion for a Sentence Reduction**

In a February 7, 2019 order, the district court, in response to Denson's inquiry, appointed counsel for Denson and invited Denson and the government to address Denson's eligibility for a sentence reduction under the First Step Act.  The district court's order tentatively set a hearing for April 18, 2019, but advised that

---

[2]As explained in Jones, section 2 of the Fair Sentencing Act, the only section applicable in Denson's appeal, "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." Jones, ___ F.3d at ___, 2020 WL 3248113, at *5.

6

the hearing may be cancelled if either Denson filed a waiver of the hearing or the government moved for no hearing.

On March 19, 2019, the government filed a timely "Motion to Consider Reduction Without Hearing."  Relying on Federal Rule of Criminal Procedure 43(b)(4), the government submitted that the district court had the discretion to reduce Denson's sentence without holding a hearing and asked that the matter be resolved on the written pleadings.  The government advised that Denson opposed its motion.

On April 10, 2019, the district court granted the government's motion.  The district court told the parties that the April 18 hearing would "go forward only if a written ruling has not been issued before that time based on the written record."

In their sentencing memoranda, the parties agreed that Denson was eligible for a sentence reduction under the First Step Act.[3]  Denson's offense in Count III—possession with intent to distribute 5 grams or more of crack cocaine—was less than 28 grams of crack cocaine.  Under the Fair Sentencing Act, Denson's offense thus now resulted in no mandatory minimum prison term (as opposed to 10 years) and a statutory maximum penalty of 30 years (as opposed to life), and his minimum supervised release term was 6 years (as opposed to 8 years).  Compare

---

[3]The government does not dispute that Denson's offense in Count III is a covered offense under the First Step Act.

7

21 U.S.C. § 841(b)(1)(B)(iii) (2006) with 21 U.S.C. § 841(b)(1)(C) (2010).  The 30-year statutory maximum penalty, in turn, lowered Denson's offense level to 34 under the career offender provision and resulted in a lower advisory guidelines range of 188 to 235 months.  See U.S.S.G. § 4B1.1(b)(B).

The Probation Office's memorandum reported that since his sentencing, Denson had several prison disciplinary reports involving his use of intoxicants, but that he also had participated in educational and wellness classes, including pursuing his GED.  The government's memorandum argued that a sentence within the new advisory guidelines was appropriate given Denson's criminal history and "mixed" post-sentencing conduct.

Denson's memorandum argued for a "below-guideline sentence" based on Denson's increased age, continued support from his family, and the lack of violence in his disciplinary reports.  Denson also filed a "Reques[t] to be Present at Sentencing Hearing."  Denson argued that he had a due process right to be present at a hearing because of the "broad grant of discretion" conferred on the district court by the First Step Act and that "[t]o the extent that [his] right to due process conflicts with [Rule 43(b)(4)], his due process rights take precedence."

On April 16, 2019, the district court entered an order reducing Denson's sentence on his drug conviction (Count III) to 188 months in prison and his supervised release term to 6 years and cancelling the hearing set for April 18,

8

2019.  The district court ordered that Denson's sentence on his firearm conviction (Count IV) remain 120 months, still to be served concurrently.  The district court noted Denson's request to appear at a hearing, which it construed as a motion to reconsider the district court's April 10, 2019 order, and stated that its earlier order was correct.

On the merits, the district court noted that the parties agreed that Denson's advisory guidelines range "is now 188 to 235 months" and stated that it had considered the "written record, including the [parties'] submissions."  The district court acknowledged that since his original sentencing, Denson had taken courses in prison, had "substantial family support" and a "middle-of-the-road disciplinary record."

The district court concluded, however, that "[t]he most important sentencing considerations are the same now as they were at the original sentencing." The district court rejected Denson's argument that his statistical risk of recidivism decreased now that he is older.  The district court explained that Denson "will be released sooner than he would have been released on a 262-month sentence," thus posing a slightly higher recidivism risk and that Denson's age was "not new information that changes the analysis."  The district court stated that, at the original sentencing, it had decided as a matter of discretion that a downward variance from the career offender guidelines range was not warranted, "[e]specially in light of

9

Mr. Denson's criminal history," and that "[n]othing has happened in the interim to change that conclusion."

## II.  DISCUSSION

On appeal, Denson reiterates his argument that he had a legal right to be present at a hearing before the district court ruled on his motion to reduce his sentence.[4]

## A.    General Principles

District courts may modify a prison sentence after it is imposed only as authorized by statute or rule.  United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015); see also 18 U.S.C. § 3582(b).  To that end, Congress has provided a "narrow exception to the rule of finality" and authorized a district court to modify a prison term only under the three circumstances set forth in 18 U.S.C. § 3582(c). United States v. Llewlyn, 879 F.3d 1291, 1296-97 (11th Cir.), cert. denied, 138 S. Ct. 2585 (2018) (quotation marks omitted); United States v. Maiello, 805 F.3d 992, 997 (11th Cir. 2015).  Relevant to this appeal, under § 3582(c)(1)(B), a district

---

[4]We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act.  Jones, ___ F.3d at __, 2020 WL 3248113, at *3.  Under this standard, we must affirm unless the district court made a clear error of judgment or applied the wrong legal standard.  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

However, where the issue presented involves a legal question, our review is de novo. United States v. Pringle, 350 F.3d 1172, 1178-79 (11th Cir. 2003).  We review de novo the legal question of statutory interpretation.  United States v. Segarra, 582 F.3d 1269, 1271 (11th Cir. 2009).

court "may modify an imposed term of imprisonment to the extent <u>otherwise</u> <u>expressly permitted by statute</u> or by Rule 35 of the Federal Rules of Criminal Procedure."[5]  18 U.S.C. § 3582(c)(1)(B) (emphasis added).  "And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment" in certain instances for "covered offenses."  <u>Jones</u>, ___ F.3d at ___, 2020 WL 3248113, at *5.

## B.    Denson's Claim

The parties do not dispute that a statute—the First Step Act—authorized the district court to reduce Denson's sentence on his drug distribution conviction.  The parties do not dispute that Denson's Count III crack-cocaine offense is a "covered offense" and that Denson is eligible for a reduction under the First Step Act.  The only issue is whether Denson had a legal right to be present at a hearing before the district court ruled on his motion.

First, to the extent Denson contends that the First Step Act itself gives him a statutory right to attend a hearing, we agree with the Fifth and Eighth Circuits, which have concluded that the plain text of the First Step Act does not give a defendant seeking a sentence reduction such a right.  See <u>Jackson</u>, 945 F.3d at 321-

---

[5]The other two circumstances are: (1) under § 3582(c)(1)(A), when either the Bureau of Prisons or the defendant has filed a motion and extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other criteria; or (2) under § 3582(c)(2), when a defendant has been sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o).  <u>See</u> 18 U.S.C. § 3582(c).

22; Williams, 943 F.3d at 843-44.  As the Eighth Circuit succinctly observed, the

First Step Act "does not mention, let alone mandate, a hearing."  Williams, 943

F.3d at 843.  In fact, the First Step Act provides only that the district court "may,

on motion of the defendant, the Director of the Bureau of Prisons, the attorney for

the Government, or the court, impose a reduced sentence."  First Step Act § 404(b)

(emphasis added).  "Its text imposes no further procedural hoops."  Jackson, 945

F.3d at 321.  The First Step Act grants the district court discretion to reduce a

sentence but does not require a reduction.  First Step Act § 404(c) ("Nothing in this

section shall be construed to require a court to reduce any sentence pursuant to this

section."); see also Jones, ___ F.3d at ___, 2020 WL 3248113, at *11 ("District

courts have wide latitude to determine whether and how to exercise their discretion

in this context.").  That Denson was eligible for resentencing does not mean he was

entitled to it.  See Jones, ___ F.3d at ___, 2020 WL 3248113, at *11.  The First

Step Act leaves the choice of whether to resentence and to what extent to the

district court's sound discretion.  Id.

Denson suggests that § 404(c) of the First Step Act requires a "complete

review on the merits" of the motion and this phrase necessarily means a hearing

with him present before the district court.  Denson's argument, however, takes

§ 404(c) out of context.  Section 404(c) provides that "[n]o court shall entertain a

motion made under this section to reduce a sentence if . . . a previous motion made

under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act§ 404(c). As the Fifth Circuit explained in rejecting a § 404(c) argument like Denson's, "the relevant provision establishes that a defendant can file only one motion for resentencing" and bars a second First Step Act motion if the first was "denied after a complete review of the motion on the merits." Jackson, 945 F.3d at 321 (quotation marks omitted). The Fifth Circuit correctly concluded that this textual phrase in § 404(c) does not mean a hearing is required. Simply put, the First Step Act itself does not grant Denson a legal right to a hearing.

Second, Denson's motion is governed by Rule 43 of the Federal Rules of Criminal Procedure, which expressly provides that Denson's presence is not required in a § 3582(c) proceeding. Rule 43 specifies when a defendant must be and when he need not be present during his criminal prosecution. Fed. R. Crim. P. 43(a)-(b). Under Rule 43, the defendant "must be present at . . . sentencing," but need not be present at proceedings involving "the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(a)(3), (b)(4). "A defendant does not have a right to be present whenever a district court takes an action to modify his sentence." United States v. Thomason, 940 F.3d 1166, 1171 (11th Cir. 2019) (quotation marks omitted). Given Denson was proceeding under § 3582(c)(1)(B), his presence at the hearing was not required by Rule 43(b). All

13

sentence reduction proceedings under § 3582(c) are listed in Rule 43(b) as proceedings for which the defendant's presence is not required.  See Fed. R. Crim. P. 43(b)(4).[6]

Third, Denson's due process claim also fails.  In addition to Rule 43, "[t]he Due Process Clause grants criminal defendants a right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."  Thomason, 940 F.3d at 1171 (quotation marks omitted).  Although this Court has not defined the precise overlap of Rule 43 and the Due Process Clause, we have concluded that the right to be present under Rule 43 is at least as broad as the right under the Due Process Clause.  See United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009); United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005).  Thus, where Rule 43 does not require a defendant's presence, there is no due process concern.  See Parrish, 427 F.3d at 1348 (pointing out that "other circuits have noted that the right to be present under the Due Process Clause is narrower than the right to be present under Rule 43"); United States v. Boyd, 131 F.3d 951, 953-54 n.3 (11th Cir. 1997)

---

[6]We also reject Denson's argument that the Advisory Committee's notes for the 1998 amendment to Rule 43 suggest otherwise.  Had Congress or the Advisory Committee intended a district court to hold a § 3582(c)(1)(B) sentence reduction hearing in the defendant's presence, it would not have included in Rule 43(b) a "proceeding involv[ing] the correction or reduction of [a] sentence under . . . 18 U.S.C. § 3582(c)."  Fed. R. Crim. P. 43(b)(4).

(explaining that "if [Rule 43] does not require a defendant's presence at a given proceeding, neither does the Constitution").

In short, because Rule 43 did not require Denson's presence at a § 3582(c)(1)(B) sentence reduction hearing, Denson had no corresponding due process right to be present at such a hearing. See Parrish, 427 F.3d at 1348; Boyd, 131 F.3d at 953-54 n.3.

## C.    United States v. Brown

Because Denson relies primarily on United States v. Brown, 879 F.3d 1231 (11th Cir. 2018), we discuss why Brown actually shows that a § 3582(c)(1)(B) proceeding is not a "critical stage" that requires the defendant's presence at a hearing and why Brown undermines Denson's due process claim.

First, Brown involved a § 2255 proceeding, not a § 3582(c) motion.[7] Moreover, although the district court had granted Brown's § 2255 motion and

---

[7]In Brown, the district court had granted a 28 U.S.C. § 2255 motion and vacated the defendant's 180-month sentence on the sole count of conviction in its entirety.  879 F.3d at 1233-34, 1240.  After that, the district court imposed a new sentence without a hearing or giving any explanation.  Id. at 1234.  Although the defendant's newly calculated advisory guidelines range was 77 to 96 months, the district court varied upward to 120 months.  Id.  This Court concluded that the district court abused its discretion by failing to hold a hearing before resentencing Mr. Brown.  Id. at 1241.

However, the Brown Court was careful to limit its due process holding to its facts, stating that it addressed only "the question raised by Mr. Brown: did the modification to his sentence require his sentencing court to conduct a resentencing hearing?"  Id. at 1236.  In other words, even when sentences are vacated in § 2255 cases, Brown does not require a hearing in every § 2255 resentencing.  See Thomason, 940 F.3d at 1172-73 (applying Brown and holding the district court did not abuse its discretion in denying a defendant a resentencing hearing after it granted his § 2255 motion based on a Johnson error).

15

vacated his sentence in its entirety, <u>Brown</u> still recognized that the established right to be present for initial sentencing "or even for resentencing under certain circumstances" did "not translate into a right to be present whenever judicial action modifying a sentence is taken." <u>Id.</u> at 1237 (quotation marks omitted). In doing so, <u>Brown</u> actually pointed out that "the correction or reduction of [a] sentence under Rule 35 or 18 U.S.C. § 3582(c)" was one of the "types of sentence modifications that do not require a defendant to be present" under Rule 43(b)(4). <u>Id.</u> at 1237 & n.4. Thus, the <u>Brown</u> Court, albeit in dicta, expressly indicated that sentence modifications in § 3582(c) proceedings do not require a defendant's presence.

Second, we recognize that Denson asks us to apply these two fact-intensive inquiries that <u>Brown</u> used to guide its consideration of whether defendant Brown's § 2255 resentencing was "a critical stage" requiring his presence: (1) "did the errors requiring the grant of habeas relief undermine the sentence as a whole?" and (2) "will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?" <u>Id.</u> at 1239-40. However, as concluded above, <u>Brown</u>'s two-part framework does not apply to sentencing modifications based on § 3582(c) motions.

16

Alternatively, and as an independent holding, even assuming arguendo that we should apply Brown's fact-intensive framework, Denson's § 3582(c) sentencing modification based on the First Step Act is not a critical stage under Brown's two-part test.

As to Brown's first inquiry, the district court's sentence modification under the First Step Act was not concerned with any "errors" at his original sentencing that may or may not "undermine" his sentence in its entirety. Indeed, Denson was sentenced on his drug conviction in accordance with the law as it existed at the time. The Fair Sentencing Act's changes to the statutory penalties in 21 U.S.C. § 841(b) were not to correct a sentencing error or "constitutionally compelled" but rather "represent[ed] a congressional act of lenity." Cf. Dillon v. United States, 560 U.S. 817, 828, 130 S. Ct. 2683, 2692 (2010) (discussing 18 U.S.C. § 3582(c)(2)). The First Step Act merely extended that "congressional act of lenity" to federal prisoners who, like Denson, were sentenced before the passage of the Fair Sentencing Act by applying certain changes retroactively. Cf. id.

As to Brown's second inquiry, a sentence reduction based on the First Step Act is a limited remedy, and the district court is not called upon to answer questions it did not consider at the original sentencing. See Brown, 879 F.3d at 1239-40. Rather, in ruling on a defendant's First Step Act motion, the district court (1) is permitted to reduce a defendant's sentence only on a "covered offense"

17

and only "as if" sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense, and (2) is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3, to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3, or to change the defendant's sentences on counts that are not "covered offenses."  See First Step Act § 404(b); United States v. Hegwood, 934 F.3d 414, 418 (5th Cir. 2019).  In short, the First Step Act does not authorize the district court to conduct a plenary or de novo resentencing. See Hegwood, 934 F.3d at 418.

Even under Brown's framework, a sentencing modification under the First Step Act does not qualify as a "critical stage in the proceedings" that requires the defendant's presence.  See Brown, 879 F.3d at 1239-40.

## III.  CONCLUSION

For all these reasons, we conclude the district court did not err in reducing Denson's prison sentence on his drug conviction (Count III) to 188 months, followed by 6 years of supervised release, without first holding a hearing in his presence.

**AFFIRMED.**