[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12007
Non-Argument Calendar
_____

D.C. Docket No. 8:01-cr-00022-RAL-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT STEPHENS, JR.,
a.k.a. Elbert Stephens,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 26, 2020)

Before MARTIN, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Albert Stephens, Jr., appeals the district court's order partially denying his motion for a sentence reduction, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, which authorizes a sentence reduction for defendants who were convicted of offenses whose statutory penalties were modified by the Fair Sentencing Act of 2010.  He argues that the district court erred in denying him relief because, regardless of whether his guideline range remained unchanged, he was convicted of an offense whose statutory penalties were modified by the Fair Sentencing Act.  Accordingly, he argues that he was convicted of a "covered offense" under the First Step Act, and thus, the district court had the authority to reduce his sentence.

## I.

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020).  District courts lack the inherent authority to modify a term of imprisonment, but they may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.

## II.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and

2

powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see Dorsey v. United States*, 567 U.S. 260, 268–69, 132 S. Ct. 2321, 2328–29 (2012).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams, and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010."  *Id.* § 404(a).  The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).

Recently, in *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the

3

district courts. *See* 962 F.3d at 1293. First, interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1298; *see* First Step Act § 404(a). Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because Section 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.* at 1298, 1301.

Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302-03. Specifically, similar to the situation in the instant case, we determined that, as to one of the defendants, the indictment charged him with 50 grams or more of crack cocaine, and the district court found a drug quantity of at least 50 grams of crack cocaine. *Id.* at 1302. Because the Fair Sentencing Act modified the statutory penalties for offenses that involved 50 grams or more of crack cocaine, his offense qualified as a covered offense. *Id.*

4

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b).

First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we affirmed the denials of two of the movants' motions, but vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. Specifically, as to movant Allen, we noted that the district court denied the motion because Allen's guideline range remained the same, based on the drug-quantity finding made at sentencing, and his sentence was already at the low-end of that guideline range, such that the court may have incorrectly concluded that he was not eligible for a further reduction. *Id.* We held that it was error for the district courts to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* at 1305. Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration. *Id.*

Finally, we noted that, although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so. *Id.* at 1304. We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant

6

conduct.  *Id.* at 1301, 1304.  Moreover, in a similar case, we held that the First Step Act does not authorize a district court to conduct a plenary or *de novo* resentencing in which it reconsiders sentencing guideline calculations unaffected by sections 2 and 3 of the Fair Sentencing Act.  *See United States v. Denson*, 963 F.3d 1080, 1086–87 (11th Cir. 2020).

### III.

In the instant case, the district court correctly acknowledged that Stephens was convicted of a "covered offense" and was eligible for relief under the First Step Act.  Based upon our review of the record, however, it is unclear whether the district court understood that it had the authority to reduce Stephens's sentence. The district court may have incorrectly concluded that Stephens was not eligible for a further reduction because his guideline range remained the same. Accordingly, for the aforementioned reasons, we vacate the district court's order partially denying Stephens's motion for a sentence reduction and remand to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**