[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12597
Non-Argument Calendar
_____

D.C. Docket No. 8:97-cr-00082-RAL-SPF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD THORNTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 15, 2020)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Harold Thornton appeals the district court's order denying his motion for a reduced sentence under the First Step Act. See 18 U.S.C. § 3582(c)(1)(A). Thornton argues that his due process rights were violated because the district court held a hearing and ruled on his motion without him being there. We affirm.

In 1997, a jury found Thornton guilty of three counts of distributing crack cocaine, in violation of 21 U.S.C. section 841(a)(1). He was sentenced to life imprisonment on all counts.

In May 2019, Thornton moved to reduce his life sentence under the First Step Act, arguing that he was eligible for a sentence reduction and should be granted a reduced sentence. The district court appointed counsel for Thornton and scheduled a hearing to consider whether he was eligible for a sentence reduction under the First Step Act.

At the hearing, the district court found that Thornton was eligible for a reduction under the First Step Act but declined to exercise its discretion to reduce his sentence because of "the nature and circumstances of the crimes he's committed, [] his history and characteristics," and his conduct while in prison. Thornton was not present at the hearing, and his appointed counsel, who was present, did not object that the hearing was held without Thornton being there.

Thornton appeals the denial of his motion for a reduced sentence.

Normally, we would "review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). However, "we review arguments not raised before the district court only for plain error." United States v. Cavallo, 790 F.3d 1202, 1234 (11th Cir. 2015). "To establish plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).

Thornton argues for the first time on appeal that the district court abused its discretion because it denied his motion for a sentence reduction without him being present at the hearing. Thornton contends that the sentence modification was a "critical stage" in the proceedings requiring his presence and that he was not given the opportunity to contest the facts that the government proferred before the district court denied his motion. Because we rejected this argument in United States v. Denson, 963 F.3d 1080 (11th Cir. 2020), there is no error, plain or otherwise.

In Denson, as here, the defendant argued that the district court erred in ruling on his First Step Act motion without a hearing at which he was present. Id. at 1084–85. We held that the defendant does not have a due process right to be present at a sentence reduction hearing. Id. at 1086–88. And, we concluded that "a sentencing modification under the First Step Act does not qualify as a critical stage in the proceedings that requires the defendant's presence." Id. at 1089.

3

Thornton, contrary to his argument on appeal, had the opportunity to respond to the government's evidence and arguments.  He had the opportunity to file a reply memorandum to the government's response, see M.D. Fla. R. 3.01, and his appointed counsel presented his evidence and arguments to the district court before it ruled on his motion.  There being no denial of due process, and Thornton having been given the opportunity to respond to the government, we affirm the denial of his First Step Act motion for a reduced sentence.

**AFFIRMED.**