[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-10881
Non-Argument Calendar

————————————————

D.C. Docket No. 6:08-cr-00027-ACC-LRH-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMON DANIEL MCCURRY,
a.k.a. Antonio Brown,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(October 30, 2020)

Before MARTIN, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Damon McCurry appeals the district court's partial denial of his motion to

modify his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L.

No. 115-391, 132 Stat. 5194, 5222 ("First Step Act").  McCurry advances two arguments on appeal: (1) that the district court erred by concluding that it did not have authority to reduce McCurry's sentence on some of his charges, and (2) that the district court abused its discretion by failing to consider the relevant sentencing factors under 18 U.S.C. § 3553.  After careful review, we affirm the district court's order.

## I.

In April 2008, McCurry pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846; five counts of possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1); three counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922 (g)(1); one count of possession with intent to distribute cocaine hydrochloride (powder cocaine) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and two counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  The agreement included stipulations that McCurry possessed at least 50 grams of crack cocaine for the conspiracy count and at least 5 grams for the possession with intent to distribute counts.

The district court sentenced McCurry to life imprisonment for the crack cocaine offenses and 30 years' imprisonment for the powder cocaine offense, to

2

run concurrently.  Because of McCurry's criminal history, he was subject to mandatory life imprisonment.  The district court sentenced McCurry to 5 years' imprisonment for the first § 924(c) offense and 25 years for the second, the mandatory minimum for those offenses at the time, to run consecutively.

Despite having no projected release date, McCurry made significant steps to rehabilitate himself while incarcerated.  McCurry has been cited for only two disciplinary incidents during the twelve years he has now spent in prison.  He has taken a number of courses, including every Drug Education Treatment program for which he is eligible, and he completed his GED.  He works in the prison and regularly receives "outstanding work reports."

In January 2020, after being appointed counsel, McCurry filed a motion for a reduced sentence pursuant to Section 404 of the First Step Act.  McCurry sought to reduce his sentence to a total term of 300 months: 180 months for the crack cocaine and possession of a firearm counts, and 60 months for each of the two § 924(c) counts.  The government did not oppose a reduction in McCurry's sentence for the crack cocaine and firearm offenses to a term of 262 months, but otherwise opposed his motion.

The district court partially granted McCurry's motion.  The court reduced McCurry's sentence for the crack cocaine and firearm charges to 262 months, on the low end of the Sentencing Guidelines range but significantly higher than the

3

180-month term that McCurry sought.  The district court declined to reduce McCurry's sentence for his § 924(c) counts.  In its order, the district court noted that McCurry had experienced "success since being incarcerated," and noted that the First Step Act "dramatically lowers the statutory mandatory minimum penalties" for his crack cocaine offenses.

Adding the reduced sentence for his crack cocaine and firearm possession charges to the sentence for the § 924(c) charges, McCurry now faces a term of 622 months—nearly 52 years.  While McCurry, who is now 42 years old, is technically no longer serving a life sentence, he points out that even this reduced term "is very likely to exceed his natural life."

Under Section 403 of the First Step Act, in order for a second § 924(c) conviction to carry the mandatory 25-year consecutive sentence, the first conviction must have already been final.  See 18 U.S.C. § 924(c)(1)(C)(i); Pub. L. No. 115-391, 132 Stat. 5194, 5221–22.  In other words, this mandatory sentence does not apply when, like in McCurry's case, both § 924(c) crimes are charged at the same time in the same indictment.  This amendment is meant to prevent what is referred to as "stacking" § 924(c) charges.  But the First Step Act specifically stated that this amendment did not apply retroactively.  Pub. L. No. 115-391, 132 Stat. 5194, 5122 (stating that the amendment only apply to offenses committed before passage of the First Step Act "if a sentence for the offense has not been

4

imposed as of such date of enactment"). The district court therefore declined to reduce McCurry's sentence for his § 924(c) charges on the basis that "the statute as written does not allow for a sentence reduction at this time," but encouraged McCurry to seek relief if Congress ever did make that provision retroactive.

McCurry timely appealed.

## II.

We review de novo whether a district court had the authority to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. Id. A district court abuses its discretion if it "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

## III.

McCurry argues that the district court erred on two fronts. First, he argues the district court improperly determined that it did not have authority to reduce his sentence for his § 924(c) convictions. Second, he argues that the district court abused its discretion by failing to consider the relevant sentencing factors under 18

5

U.S.C. § 3553(a) and imposing a substantively unreasonable sentence.  We address each argument in turn.

A.

McCurry argues that the district court incorrectly concluded that it was not authorized to reduce his sentence for the stacked § 924(c) charges.  McCurry does not dispute that the First Step Act does not automatically apply its changes to § 924(c) retroactively.  But he maintains that just because the amendment does not apply to him automatically, the district court is still free to consider the fact that, if he were sentenced under this provision today, he would be subject to only 10 years' imprisonment for these charges, not 30 years.

McCurry's argument on this point is foreclosed by United States v. Denson, 963 F.3d 1080 (11th Cir. 2020).  In Denson, this Court held that, pursuant to the First Step Act, a district court can reduce a defendant's sentence "only on a 'covered offense'" and is "not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3" of the Fair Sentencing Act, which the First Step Act made retroactive.  Id. at 1089.  Only "crack-cocaine offenses for which [21 U.S.C.] sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties" qualify as "covered offenses."  Jones, 962 F.3d at 1300–01.  Thus McCurry's § 924(c) convictions are not "covered offenses" and the district court was not authorized to reduce McCurry's sentence for those offenses.

6

B.

McCurry also argues that the district court abused its discretion in lowering his sentence for his covered offenses to 262 months.[1]  McCurry maintains that the district court failed to consider the relevant § 3553(a) factors.  In support of that argument, McCurry contends that the district court should have considered the fact that he would still be subject to a consecutive 30 years' imprisonment for his § 924(c) convictions when determining whether the reduced sentence for his covered offenses would be unreasonable.

Although district courts are required to consider the § 3553(a) factors at the initial sentencing, see Chavez-Meza v. United States, 585 U.S. ___, 138 S. Ct. 1959, 1963 (2018), this Court has not required them to consider those factors when determining whether to reduce a sentence under the First Step Act.  See Jones, 962 F.3d at 1304 ("In exercising their discretion, [district courts] may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." (emphasis added)).  And even where consideration of the § 3553(a) factors is mandatory, like at the initial sentencing stage, the district court does not have to explicitly discuss each factor it is required to consider.  United States v. Kuhlman,

---

[1] McCurry also argues that the district court misapprehended the scope of its authority by concluding that it could not impose a sentence outside of the Sentencing Guidelines range.  But the district court never suggested that it lacked the authority to impose a sentence below the advisory guidelines range and, as discussed below, referenced at least some of the § 3553(a) factors in its decision.  Thus, we do not believe the district court misapprehended the scope of its authority.

7

711 F.3d 1321, 1326 (11th Cir. 2013).  The record need only indicate that the district court considered some of the factors.  See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (recognizing that record indicated the district court "did, in fact, consider a number of the sentencing factors").

It is evident that the district court considered at least some of the § 3553(a) factors when determining what McCurry's reduced sentence should be.  Section 3553(a) sets forth a number of factors the district court considers to ensure that the sentence it imposes is "sufficient, but not greater than necessary."  See 18 U.S.C. § 3553(a).  These factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the "kinds of sentences available," and the "sentencing range established" for the particular offense.  18 U.S.C. § 3553(a)(1), (3)–(4).  The district court explicitly referenced McCurry's "success since being incarcerated," which goes to McCurry's characteristics.  See 18 U.S.C. § 3553(a)(1).  The district court also discussed the fact that the First Step Act "dramatically lowers the statutory mandatory minimum penalties," that applied to McCurry's covered offenses, which goes to the available sentences.  See 18 U.S.C. § 3553(a)(3).  Under this Court's precedent, the district court did not abuse its discretion when it implicitly considered the § 3553(a) factors, even though it did not explicitly state that it considered all of them.  See Dorman, 488 F.3d at 944.

8

**AFFIRMED.**