[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10895
Non-Argument Calendar

_____

D.C. Docket No. 0:06-cr-60350-JIC-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY BAPTISTE,
a.k.a. Method Man,
a.k.a. G-baby,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 10, 2020)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Gary Baptiste appeals the district court's order denying his motion for a reduced sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  On appeal, Baptiste asserts that he was entitled to a plenary resentencing under the First Step Act §§ 401 and 404.  He also argues that the district court should have reduced his total sentence under the "sentencing package doctrine."  For the reasons that follow, Baptiste's arguments fail, and we therefore affirm.

**I**

In 2007, a jury found Baptiste guilty of: conspiring to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C §§ 846 and 851 (Count 1); conspiring to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C §§ 846 and 851 (Count 3); and three counts of distributing and possessing with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C §§ 846 and 851 (Counts 23, 24, and 26).  Because Baptiste had previously been convicted of a drug felony, the government filed notice— under 21 U.S.C. § 841(b)(1)(A) and (B)—that Baptiste faced a minimum term of imprisonment of 20 years and a maximum term of life on Counts 1 and 3, and a minimum term of imprisonment of 10 years and a maximum term of life on Counts 23, 24, and 26.  Baptiste's sentences were thus enhanced pursuant to § 851.  The district court sentenced Baptiste to 324 months of imprisonment on all counts to

2

run concurrently.  This Court affirmed Baptiste's convictions and sentence.  In 2014, Baptiste moved to reduce his sentence under Amendment 782 of the Sentencing Guidelines; the district court granted his motion and reduced his sentence to 262 months.

Baptiste subsequently filed a motion for relief under the First Step Act, seeking a further reduction of his sentence.  The district court denied Baptiste's motion.  The district court held that only one of the convictions underlying Baptiste's sentence—Count 3—qualified as a covered offense under the First Step Act.  The district court also concluded that, although the Fair Sentencing Act and First Step Acts reduced his statutory sentencing range as to Count 3, his guideline range remained unchanged.

## II

Baptiste now makes four arguments on appeal.  First, he argues that the district court erred in holding that First Step Act § 404 does not authorize resentencing on his powder-cocaine offenses (Counts 1, 23, 24, and 26).  Second, he argues that he was generally entitled to resentencing under the "sentencing package doctrine."  Third, he argues that § 401 permitted the district court to reduce his sentences on all of his counts.  Finally, relying on the same reasons as

his second and third arguments, Baptiste argues that he was entitled to resentencing as to his crack-cocaine offense (Count 3). We address each argument in turn.[1]

**A**

First, we consider whether the First Step Act § 404 provides the district court with authority to modify the sentences for Baptiste's powder-cocaine offenses (Counts 1, 23, 24, and 26). Although a district court "lacks the inherent authority to modify a term of imprisonment . . . it may do so . . . to the extent that a statute expressly permits." *Jones*, 962 F.3d at 1297; 18 U.S.C. § 3582(c)(1)(B). The question here is whether First Step Act § 404 provides the district court with the statutory authority necessary to modify Baptiste's powder-cocaine offense. We hold that it does not.

To understand the scope of the First Step Act, we must first consider a different statute—the Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) for the purpose of reducing the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Specifically, the Fair Sentencing Act §§ 2 and 3 reduced statutory

---

[1] We review *de novo* whether a district court has the authority to modify a term of imprisonment under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible First Step Act movant's request for a reduced sentence for an abuse of discretion. *Jones*, 962 F.3d at 1296.

penalties for certain offenses involving crack cocaine.  In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194.  Under § 404(b) of the First Step Act, sentencing courts may "impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  The Act further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  § 404(c).

Here, Baptiste and the government dispute whether the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" refers to "violation of a federal criminal statute" or merely "federal criminal statute."  After Baptiste filed his brief, we resolved this issue in *Jones*, 962 F.3d 1290, concluding that "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" refers to "violation of a federal criminal statute." *Id.* at 1298.  Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298.

This requires us to examine Baptiste's offenses.  We noted in *Jones* that "[t]o determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment."  *Id.* at 1300–1301.  While the jury verdict form notes that Count 3 involved "[a]t least 50 grams of *crack* cocaine," (emphasis added) it states that Counts 1, 23, 24, and 26 involved either 50 or 500 "grams of cocaine."  Further, the final judgment describes Counts 1, 23, 24, and 26 as involving 50 or 500 "grams of cocaine," while noting that Count 3 involved "50 grams of cocaine *base*." (emphasis added)  At Baptiste's sentencing, the court referred to the "grams of cocaine" when discussing Counts 1, 23, 24, and 26, but noted the "grams of cocaine base" when discussing Count 3. We conclude—as Baptiste himself did— that Counts 1, 23, 24, and 26 are powder-cocaine offenses.  Neither §§ 2 nor 3 of the Fair Sentencing Act modified statutory penalties for offenses involving powder cocaine.  Therefore, Counts 1, 23, 24, and 26 do not constitute "covered offenses" under the First Step Act, and the district court properly concluded that it lacked authority to modify the sentences for those powder–cocaine counts.

**B**

Baptiste also contends that his "original sentence was a package of interconnected sanctions under the 'sentencing package doctrine'"—meaning that

6

the "district court should have addressed the overall sentence imposed and considered the change in available punishments that resulted" from the First Step Act. The sentencing-package doctrine recognizes that "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence[.]" *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). Although we have applied the sentencing-package doctrine in some instances, district courts still "lack[] the inherent authority to modify a term of imprisonment" except "to the extent that a statute expressly permits." *Jones*, 962 F.3d at 1297. This Court has emphasized that the relevant statute here, the First Step Act, "does not authorize the district court to conduct a plenary or *de novo* resentencing." *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020). Accordingly, the sentencing-package doctrine is of no use to Baptiste.

## C

Baptiste next argues that First Step Act § 401 entitles him to a reduced aggregate sentence. Recall that Baptiste's sentences were enhanced under 21 U.S.C § 851 because of his prior felony conviction. First Step Act § 401 amended § 841(b)(1)(A)—one of the statutes under which Baptiste was sentenced—by changing the mandatory penalties that it imposed for repeat offenders, as well as the types of offenses that trigger those penalties. Specifically, First Step Act

§ 401(a) changed the prior-conviction requirement to a "serious drug felony" such that Baptiste's prior felony conviction no longer would constitute a serious drug felony. Baptiste argues that this entitles him to a reduced aggregate sentence.

We disagree. In unambiguous terms, the First Step Act makes its amendments only prospectively applicable. The First Step Act states that § 401 "shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." § 401 (c) (emphasis added). Baptiste, who was sentenced on October 25, 2007, is not entitled to a sentence reduction under First Step Act § 401.

## D

Finally, we consider whether the district court erred in not resentencing Baptiste for his crack-cocaine conviction, Count 3. Both parties agree that Count 3 was a "covered offense" under the First Step Act and that the district court had discretion to reduce the sentence for Count 3.

The district court properly recognized that Count 3 was a covered offense and acknowledged that the Fair Sentencing Act and the First Step Act "operate to reduce Defendant's statutory sentencing range as to Count [3] only from a mandatory term of imprisonment of twenty years to a mandatory term of imprisonment of ten years." The district court nonetheless concluded that "given

8

that the statutory penalties for the other counts are unchanged and Defendant's guideline is unchanged," it would decline to modify Baptiste's sentencing.

First Step Act § 404(c) provides that "[n]othing in this section shall be construed to *require* a court to reduce any sentence pursuant to this section." (emphasis added).  In other words, although a district court may have the authority to reduce a sentence under § 404, it is not required to do so.  *See Jones*, 962 F.3d at 1304.  The district court possessed "wide latitude" to resentence Baptiste as to Count 3.  *Id.*  Because the district court explained the reasons for its denial of Baptiste's motion and those reasons do not demonstrate a clear error in judgment, the district court did not abuse its discretion.  *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

## III

Because First Step Act § 404 does not authorize the district court to reduce Baptiste's sentences, the sentencing-package doctrine doesn't apply, Baptiste cannot use § 401, and the district court didn't abuse its discretion in deciding not to resentence Baptiste as to Count 3, we affirm the district court's decision to deny Baptiste's motion to modify his sentence.

**AFFIRMED.**