[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11836

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM BROXTON,
a.k.a. William Green,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:04-cr-00020-HL-TQL-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

William Broxton appeals the district court's denial of his motion for a reduced sentence under Section 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). He argues that his conviction under 21 U.S.C. § 841(b)(1)(C) is a "covered offense" under the First Step Act because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act") modified the drug quantities in the subsections cross-referenced by Section 841(b)(1)(C). Because the Supreme Court recently foreclosed that argument in *Terry v. United States*, 141 S. Ct. 1858, 1862-64 (2021), we affirm.

In 2005, Broxton was convicted and sentenced for–among other things–two counts of possessing with intent to distribute crack cocaine, both in violation of 21 U.S.C § 841(a) & (b)(1)(C). In 2018, Broxton filed a motion for a sentence reduction under the First Step Act, in which he argued that his Section 841(b)(1)(C) conviction was for a "covered offense." The district court disagreed, concluding instead that the First Step Act did not encompass convictions under Section 841(b)(1)(C). It therefore held that Broxton was ineligible for a sentence reduction and denied his motion. Broxton appeals that denial and argues that his Section 841(b)(1)(C) conviction was for a "covered offense." In *Terry*, the Supreme Court expressly held that a conviction for a violation of Section 841(b)(1)(C) is not for a "covered offense" under the

Act. *See* 141 S. Ct. at 1862-64. *Terry* has therefore foreclosed Broxton's argument.

Finally, to the extent that Broxton argues that the district court should have held a hearing, it was not required to do so before denying his motion. *See United States v. Denson*, 963 F.3d 1080, 1086-88 (11th Cir. 2020). And because Broxton is ineligible for relief under the Act, we do not reach his arguments as to whether the district court could apply the sentencing package doctrine to reduce his sentences for counts unaffected by the Act.

**AFFIRMED.**