[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10481

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL EMIT SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00078-JSM-AAS-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Darryl Smith appeals from the district court's denial of his motion for a sentence reduction under the First Step Act. He argues that the district court abused its discretion by declining to reduce his sentence because it failed to consider the relevant 18 U.S.C. § 3553(a) factors and overly relied on the guideline range.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* A district court abuses its discretion when it "applies an incorrect legal standard." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). Notably, "the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment." *Jones*, 962 F.3d at 1297.

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied. 962 F.3d at 1293. As relevant here, we noted that, although a district court may have the authority to reduce a

sentence under § 404 of the First Step Act, it is not required to do so. *Id.* at 1304. We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. *Id.* at 1301, 1304; *see also* 18 U.S.C. § 3553(a) (stating that the factors include the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment). A failure to expressly consider the relevant factors is not an abuse of discretion when the consideration can be implied based on what the district court did consider. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

The First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing. *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020); *see also Jones*, 962 F.3d at 1295, 1303-04 (continuing to apply the government's 21 U.S.C. § 851 enhancement to defendant Jackson). The district court is not free to change the defendant's original guidelines calculations that are unaffected by sections two and three of the Fair Sentencing Act. *Denson*, 963 F.3d at 1089. Additionally, the district court is not allowed to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections two and three of the First Step Act. *Id.*

Here, the district court did not abuse its discretion in declining to reduce Smith's sentence. The district court implicitly

considered the relevant factors by basing its decision on the presentencing investigation report and the probation office's memorandum, which both described Smith's personal history, conduct, and criminal history.  And the district court did not err in relying on the guideline range previously calculated because the First Step Act does not provide authority for the district court to recalculate the guideline range; nor can we conclude that the district court abused its discretion by placing undue weight on the guideline range. Thus, the district court was within its wide latitude of discretion to deny Smith's motion.

**AFFIRMED.**