[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11299

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN BOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00251-JSM-AAS-1

_____

## ON REMAND FROM THE
## SUPREME COURT OF THE UNITED STATES

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Antwan Boyd filed a motion to reduce his sentence under § 404(b) of the First Step Act of 2018.  He argued, among other things, that a reduction in his sentence of imprisonment was warranted because intervening changes in the U.S. Sentencing Guidelines meant that he would no longer qualify as a career offender if he were sentenced today.  In response, the government cited our opinion in *United States v. Denson* for the proposition that the First Step Act does not authorize courts "to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3" of the Fair Sentencing Act of 2010 or "to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by" those sections.  963 F.3d 1080, 1089 (11th Cir. 2020), *abrogated in part by Concepcion v. United States*, 142 S. Ct. 2389 (2022).  The district court granted Boyd's motion in part and reduced his term of supervised release. But the court declined to reduce his term of imprisonment below the 240-month sentence he is currently serving.  Boyd appealed, and we affirmed.

Boyd petitioned the United States Supreme Court for a writ of certiorari.  The Supreme Court granted his petition, vacated our judgment, and remanded for further consideration in light of its

opinion in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Boyd v. United States*, 142 S. Ct. 2901 (2022).

In *Concepcion*, the Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404. And because district courts must "consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them." *Id.* at 2396.

The district court's order denying Boyd's First Step Act motion in part indicates that the court considered the parties' arguments, including Boyd's argument that changes in the Guidelines weighed in favor of a sentence reduction. But the order does not indicate whether the court understood that it was authorized to reduce the sentence of an otherwise-eligible defendant based on intervening changes in the law. We therefore vacate the district court's judgment and remand this case for further consideration in light of *Concepcion*.

Boyd's motion for summary reversal is GRANTED IN PART to the extent that he asks us to vacate the district court's judgment and remand for further consideration. We DENY the motion to the extent that it seeks summary reversal of the district court's judgment.

**VACATED and REMANDED.**