[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13866
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20586-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

LEOPOLDO JAIME BRYAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2021)

Before JORDAN, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

Leopoldo Bryan appeals the district court's denial of his motion to reduce his sentence under § 404(b) of the First Step Act.[1]

## I.

In 2009 Bryan pleaded guilty to five counts of possession with intent to distribute cocaine base, all in violation of 21 U.S.C § 841(a)(1).  Those counts were: one count involving detectable amounts of cocaine base, in violation of § 841(b)(1)(C) (Count One); three counts involving five grams or more of cocaine base, in violation of § 841(b)(1)(B)(iii) (Counts Two, Three, and Five); and one count involving 50 grams or more of cocaine base, in violation of § 841(b)(1)(A)(iii) (Count Four).  Bryan also pleaded guilty to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Six).

Bryan's presentence investigation report used the 2008 version of the Guidelines Manual and recommended a sentence range of 262 to 327 months imprisonment.  It arrived at that range by grouping Counts One through Five, the crack-based Counts, with Count Six, the one for being a felon in possession of a firearm.  Additionally, Bryan was found to be a career offender under U.S.S.G. § 4B1.1(a).  That status gave him an offense level of 37 because the statutory maximum sentence for Count Four, possession of 50 grams or more of cocaine

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

base, was life imprisonment.[2]  Because Bryan had accepted responsibility, that offense level was reduced by three, resulting in a total offense level of 34.  His criminal history category was VI.

The district court sentenced Bryan to 240 months imprisonment for Count One and 300 months imprisonment for Counts Two through Six, all to run concurrently.  He was sentenced in November 2009.

In 2019 the district court denied Bryan's motion for a sentence reduction under the First Step Act.  The court's reason for denying the motion was premised on Bryan having been sentenced as a career offender.  The court found that, even though the statutory maximum penalty for Count Four is no longer life imprisonment, the statutory maximum penalty for Count Six still is life imprisonment.  Because it is, the court concluded: "Even if the First Step Act had applied at the time [Bryan] committed his offenses, his guideline calculations would have been the same."  It added: "Further, [Bryan] is not eligible for a sentence reduction as to Count 6.  As such, [Bryan] would still have to serve his sentence of 300 months' imprisonment as to Count 6."  The court also rejected Bryan's argument that it had the authority to conduct a plenary resentencing.

---

[2] U.S.S.G. § 4B1.1(b) provided offense levels that corresponded with the statutory maximum penalty.  If the statutory maximum was life imprisonment, the offense level was 37.  If it was 25 years or more, the offense level was 34.

3

II.

We review only for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). But we review de novo whether a district court has authority to modify a sentence. Id. A district court "may not modify a term of imprisonment once it has been imposed" except in limited circumstances, one of which is when it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act provides one of those "expressly permitted" sentence modification authorizations, making retroactive some of the changes to sentences for certain crack convictions. See Jones, 962 F.3d at 1297. Section 404(b) of the Act authorizes a district court to reduce a defendant's sentence for a "covered offense" and to do so only "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). Section 2 of the Fair Sentencing Act increased the amount of crack needed to trigger certain statutory penalties for convictions based on, among others, § 841(b)(1)(A)(iii) and (B)(iii), which is what Bryan was convicted of violating.

4

See Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372.

Bryan contends that the district court committed reversible error when it calculated his guidelines range and concluded that the range would be the same under retroactive application of the Fair Sentencing Act. The government agrees with Bryan, admits that it led the district court astray in its argument to the district court, and concedes that the court erroneously calculated the range. Both parties ask us to vacate and remand on that basis.

We will do so. The district court's calculation error stems from using Count Six, possession of a firearm as a felon, when applying the career offender provision in U.S.S.G. § 4B1.1(b). But the crime of being a felon in possession of a firearm is not a crime of violence for § 4B1.1 purposes. See U.S.S.G. § 4B1.2 cmt. n.1 ("'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon . . . ."). The district court should have used Count Four when applying § 4B1.1(b), and that would have made a difference. The statutory maximum penalty for Count Four was changed by the Fair Sentencing Act from life imprisonment to 40 years imprisonment. Under § 4B1.1(b), using 40 years instead of life would result in Bryan's offense level being 3 points lower, making his total offense level 31. That, in turn, would produce a guidelines range of 188 to 235 months imprisonment.

Although it is clear that the district court erred, it is not entirely clear what kind of error it was. The court's order does not disclose whether the court found that it was authorized to grant a sentence reduction but denied the motion to do so based on its discretion, or whether it thought that it was not authorized to grant the reduction at all. See Jones, 962 F.3d at 1305 (vacating and remanding when it was not clear whether the district court correctly understood that it could reduce the sentence but chose not to). The type of error does not ultimately matter, though.

On the one hand, if the court believed it had the authority to grant a sentence reduction but exercised discretion to deny the motion, the error was that the exercise of discretion followed a miscalculation of the guidelines range. See Gall v. United States, 552 U.S. 38, 51 (2007). We don't know if the court would have reached the same decision if it had realized what the true guidelines range is. And, on the other hand, if the court believed that the guidelines range, properly calculated or not, made Bryan ineligible for a reduction on covered offenses, it erred as a matter of law. See United States v. Taylor, 982 F.3d 1295, 1301–02 (11th Cir. 2020) (defining the First Step Act's "covered offense" requirement and "as if" limitation). Either way, the court committed reversible error.

Given the district court's error in calculating the guidelines range and the fact that both parties agree it was error and ask us to vacate and remand for that reason, we will set the sentence aside on that basis alone. We vacate the district

court's order denying Bryan's motion and remand for reconsideration of the

motion based on a correct guidelines calculation.[3]

**VACATED AND REMANDED.**

---

[3] Two other things.  First, our precedent establishes that the district court was not authorized to conduct a plenary resentencing in the course of deciding whether to grant Bryan's motion for a sentence reduction under the First Step Act.  See Taylor, 982 F.3d at 1302; United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020).  Second, to dispose of this appeal we need not and do not reach the issue of whether Bryan can receive a sentence reduction for Count Six, which itself is not a "covered offense," because it was grouped with covered offenses in the guidelines calculation.