[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13467
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-00084-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUDIE RAYNARD ALSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 10, 2021)

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Audie Alston appeals from the district court's denial of his 18 U.S.C.

§ 3582(c) motion for a sentence reduction under the First Step Act of 2018, Pub. L.

115-391, 132 Stat. 5194.  He argues that the district court abused its discretion in

denying his motion because he was convicted of a covered offense under the Act

and qualified for a reduction.  He disputes the district court's conclusion that,

under the Act, his guidelines range would have remained the same, and maintains

that the district court should not have included a 21 U.S.C. § 851 enhancement in

its determination of his new guidelines range.[1]  Because the district court did not

abuse its discretion in denying his § 3582(c) motion, we affirm.

## I.      Background

On August 22, 2006, Alston pleaded guilty to one count of conspiracy to

distribute and possess with intent to distribute 50 grams or more of cocaine base, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Alston faced a

statutory minimum of 20 years' imprisonment and a statutory maximum of life

---

[1]  Section 851 provides, in part, that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."

The version of § 841(b)(1)(A) that was in effect when Alston was sentenced provided that "[i]f any person commits [a violation of § 841(a)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment."  21 U.S.C. § 841(b)(1)(A) (2006); *see United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) ("The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing.").

imprisonment.[2]  *See* 21 U.S.C. § 841(b)(1)(A) (2006).  Alston was deemed a career offender under U.S.S.G. § 4B1.1 based on several qualifying prior convictions, which resulted in a base offense level of 37 and a criminal history category of VI.[3] With a two-point deduction for acceptance of responsibility under U.S.S.G. § 3E1.1 bringing his total offense level to 35, Alston's advisory guidelines imprisonment range was 292 to 365 months.  The district court sentenced him to 292 months' imprisonment.

On July 27, 2020, Alston filed a motion to reduce his sentence under Section 404 of the First Step Act.[4]  He argued that he was convicted of a covered offense

---

[2]  The offense carried a statutory minimum of 10 years' imprisonment and a statutory maximum of life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A) (2006).  But the government filed a § 851 enhancement based on Alston's prior felony convictions for possession of cocaine and possession of marijuana, which increased the statutory minimum to 20 years' imprisonment.  *See* 21 U.S.C. §§ 841(b)(1)(A), 851 (2006).

[3]  Section 4B1.1 calculates offense levels for career offenders based on the statutory maximum penalty of their underlying offenses.  A career offender who is convicted of an offense with a statutory maximum of life imprisonment has an offense level of 37.  Section 4B1.1 also provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI."

[4]  Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  *See* First Step Act § 404(b).  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."  *Id*. § 404(a).

Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger the 10-year mandatory minimum of 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams and the quantity necessary to trigger the 5-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams.  Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372; *see* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  Section 3 amended a provision of 21 U.S.C. § 844(a) that is not relevant to this case.

and, under the First Step Act and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, if he committed his offense today, he would be charged with a violation of § 841(b)(1)(B) based on the amount of cocaine attributed to him,[5] which carries a statutory minimum of 5 years' imprisonment and a statutory maximum of 40 years' imprisonment.  Alston argued that because the new statutory maximum for his offense would be 40 years' imprisonment—not life imprisonment—his base offense level would be 34 under the career-offender guideline, resulting in a lower guidelines range of 210 to 262 months. Accordingly, he requested that his sentence be reduced to 210 months' imprisonment.  Notably, Alston's calculations did not include a § 851 enhancement.

The government opposed Alston's motion.  It did not dispute that Alston was eligible for a sentence reduction under the First Step Act, but it maintained that his 292-month sentence was appropriate.  Specifically, the government argued that, because of the § 851 enhancement, Alston was still subject to a statutory maximum of life imprisonment and his guidelines range remained the same.  The

---

[5]  Section 841(b)(1)(B) covers violations of § 841(a) that involve "28 grams or more of a mixture of substance . . . which contains cocaine base."  Alston was attributed with 74.5 grams of cocaine base.

government also argued that Alston's sentence was appropriate under the sentencing factors set out in 18 U.S.C. § 3553(a).[6]

The district court found that Alston was eligible for a sentence reduction under the First Step Act. Nevertheless, it agreed with the government that even under the Act, Alston's guidelines range remained 292 to 365 months because his "adjusted offense level remain[ed] 35" and his criminal history category remained category VI. Recognizing the fact that Alston's guidelines range remained the same did not preclude a reduction in sentence under the First Step Act, the district

---

[6] Section 3553(a) provides that a court "in determining the particular sentence to be imposed," shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims.

A district court may, but is not required to, consider the § 3553(a) factors when deciding whether to reduce a sentence under the First Step Act. *See United States v. Jones*, 962 F.3d 1290, 1304 (11th Cir. 2020). And "nothing requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (quotation omitted; alteration adopted).

court then considered whether a reduction was warranted in light of the § 3553(a) factors. It noted that Alston had "participated in a large-scale drug conspiracy in which he employed the use of firearms[,] . . . [had] a history of absconding from the police[,] . . . [and had] a significant criminal history." Based on "the nature and circumstances of the offense and the history and characteristic of [Alston] in particular," the district court found that Alston's 292-month sentence still "appropriately reflect[ed] the seriousness of the offense, promot[ed] respect for the law, provide[d] just punishment, and afford[ed] adequate deterrence." Accordingly, the district court denied Alston's motion. Alston timely appealed.

## II.     Analysis

Alston argues that the district court abused its discretion in not granting a sentencing reduction and maintains that the district court should not have included a § 851 enhancement in determining his new guidelines range.

We review the district court's denial of Alston's motion for a sentence reduction under the First Step Act for abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). Although "[t]he district court had the authority to reduce [Alston's] sentence[] . . . it was not required to do so." *Id*. at 1304; *see* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "District courts have wide latitude to determine whether and how to exercise their discretion in this

context" and "may consider all the relevant factors, including the statutory sentencing factors" listed in § 3553(a). *Jones*, 962 F.3d at 1304.

Further, "the First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing." *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020). A district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3 [of the Fair Sentencing Act]" or "to change the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 or 3 [of the Fair Sentencing Act]." *Id*.

The district court did not abuse its discretion in denying Alston's request for a sentence reduction. First, the district court did not have the authority under the First Step Act to conduct a *de novo* resentencing to recalculate Alston's guidelines range without the § 851 enhancement. *See id*. Second, although the district court recognized that it had the authority to grant a sentence reduction even though Alston's guidelines range had remained the same, it was within its discretion to determine that a reduction was not warranted in light of the § 3553(a) factors. *See Jones*, 962 F.3d at 1304. Accordingly, we conclude that the district court did not abuse its discretion in denying Alston's motion for a sentence reduction.

### III.    Conclusion

For these reasons, we affirm the district court's decision.

**AFFIRMED.**