[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12017
Non-Argument Calendar

_____

D.C. Docket No. 1:93-cr-00567-BB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ELIECER BUENO-SIERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 10, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Jorge Eliecer Bueno-Sierra, a federal prisoner, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1]  We affirm.

I.

Bueno-Sierra is serving a life sentence for drug-trafficking crimes involving more than 450 kilograms of cocaine.  In April 2020, he filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  He argued that his age (72 years old at the time) and health conditions (including diabetes and hypertension) put him at higher risk of serious complications or death from COVID-19, and that this risk and the outbreak of COVID-19 in the federal prison where he is incarcerated constitute "extraordinary and compelling reasons" warranting his early release under the statute.  The district court denied his motion, finding that (1) Bueno-Sierra had failed to comply with the statutory requirement that he exhaust his administrative remedies with the Bureau of Prisons and had not shown good cause for that failure; and (2) even if he had satisfied the requirement for exhaustion, the relevant Sentencing Commission policy statements and the sentencing factors in 18 U.S.C. § 3553(a) weighed against his early release. Bueno-Sierra now appeals.

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

II.

Ordinarily, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A)(i) sets out an exception to this rule, providing that a court may entertain a motion for a sentence reduction filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," and "may reduce the term of imprisonment"[2] if, after considering the applicable § 3553(a) sentencing factors, it finds that a reduction is warranted by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."

The relevant Sentencing Guidelines policy statement provides that "extraordinary and compelling reasons" exist due to the medical condition of the defendant if he is terminally ill or suffering from a mental or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

---

[2] Given the statute's use of permissive language, we review a district court's denial of a motion for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *Cf. United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (reviewing a decision under § 404 of the First Step Act, which provides that a court "may" reduce a defendant's sentence, for abuse of discretion).

expected to recover." U.S.S.G. § 1B1.13, comment. (n.1(A)). The age of the defendant may constitute an extraordinary and compelling reason for a sentence reduction if he is at least 65 years old, has served at least the lesser of 10 years or 75 percent of his sentence, and "is experiencing a serious deterioration in physical or mental health because of the aging process." *Id.*, comment. (n.1(B)). The policy statement commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, as "determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

## III.

On appeal, Bueno-Sierra argues that the district court abused its discretion in denying his motion for compassionate release under § 3582(c)(1)(A)(i) because (1) the court should have waived the 30-day waiting period for exhaustion of administrative remedies, in light of his continued exposure to COVID-19 in the interim; (2) his "acute vulnerability to severe medical complications or deaths [sic] as a result of COVID-19" combined with the lack of proper cleaning supplies and protective equipment in prison constitute an "extraordinary and compelling reason" for compassionate release under the statute and the policy statement; and (3) the increased risk of contracting a life-threatening illness in prison is a "post-offense

4

development" that alters the balance of sentencing factors under § 3553(a), making a sentence of time served the appropriate and just punishment for his offenses.[3] We have not yet decided in a published opinion whether district courts have the authority to waive the exhaustion requirement, or whether the risk associated with COVID-19 can constitute an extraordinary and compelling reason for compassionate release. We need not decide those questions today, however, because we conclude that even if Bueno-Sierra met those criteria for relief, the district court did not abuse its discretion in finding that the § 3553(a) sentencing factors weighed against his immediate release.

Under § 3553(a), the district court must select a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and efficiently provide the defendant with needed education or correctional treatment. 18 U.S.C. § 3553(a). In determining the appropriate sentence, the district court must also consider "(1) the nature and circumstances of the offense

---

[3] We reject without further discussion Bueno-Sierra's argument that the district court failed to provide notice of the proceedings and an opportunity for Bueno-Sierra to be heard before ruling on his motion. The district court did not act "sua sponte," as Bueno-Sierra argues; it ruled on the motion that Bueno-Sierra filed. And to the extent that Bueno-Sierra argues that the district court was required to hold a hearing before ruling, we disagree—the statute makes no reference to a hearing, and Bueno-Sierra has not pointed to any special circumstances warranting a hearing in his case. *Cf. United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020) (holding that no hearing is required on an analogous motion under § 3582(c)(1)(B)).

and the history and characteristics of the defendant"; (2) "the kinds of sentences available"; (3) the applicable Sentencing Guidelines range; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid sentencing disparities among similarly situated defendants; and (6) any need for restitution to victims. *Id.* We will find that the district court abused its discretion in the § 3553(a) analysis only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation omitted).

The district court did not abuse its discretion in deciding that a reduction in Bueno-Sierra's sentence was not warranted. The court referred to its analysis of the § 3553(a) sentencing factors during Bueno-Sierra's 1995 sentencing proceeding, in which it explained that Bueno-Sierra's cocaine-trafficking offense was a "terribly serious crime because so much other criminal activity and human misery is attributable to people who have become addicted to cocaine," and that a life sentence was "consistent with the crime and with the defendant's participation in the crime" as an organizer of the drug-trafficking enterprise. After again considering the applicable sentencing factors, the district court concluded that Bueno-Sierra's current medical conditions and increased health risk from COVID-

6

19 did not significantly change its previous analysis. The court noted that Bueno-Sierra's medical records showed that his health conditions were being managed in confinement, and the incidence of COVID-19 at the prison where he was housed appeared to be small and not materially affecting operations at the facility. Under the circumstances, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment" in arriving at this conclusion. *Irey*, 612 F.3d at 1190. We therefore affirm.

      **AFFIRMED**.