[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11036
Non-Argument Calendar

_____

D.C. Docket No. 8:02-cr-00122-SCB-SPF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT TERRILL JONES,
a.k.a. Berto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2021)

Before MARTIN, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

Albert Terrill Jones appeals the district court's denial of his motion to reduce his sentence under the First Step Act.

## I.

After a jury trial in 2003, Jones was convicted of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, 50 grams of cocaine base, and 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and § 841(b)(1)(B).  He was originally sentenced to 300 months imprisonment and five years supervised release, but his term of imprisonment was later reduced to 243 months.

Sixteen years after he was originally sentenced, he sought a sentence reduction under § 404 of the First Step Act of 2018.[1]  See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).  The district court determined that Jones was ineligible for relief under the Act because his multidrug conspiracy conviction included five kilograms of powder cocaine, and the Act had not lowered the

---

[1] It appears that Jones was released from prison on June 3, 2020.  See https://www.bop.gov/inmateloc/, last visited May 27, 2021.  Even if Jones' term of imprisonment has been served, however, his appeal is not moot because he also seeks a reduction of his five-year term of supervised release.  See United States v. Stevens, No. 19-12858, __ F.3d __, 2021 WL 1997011, at *1 n.1 (11th Cir. May 19, 2021) (holding that when a defendant is still serving a term of supervised release "any appeal related to that aspect of his sentence is not moot").

statutory penalties for that drug.  Alternatively, the court ruled that it would not reduce Jones' sentence anyway, but the court gave no explanation for that ruling.

## A.

Jones first contends that the crack cocaine element of his multidrug conspiracy makes him eligible for First Step Act relief.  We review de novo whether a district court had authority to modify a sentence under the First Step Act. See United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).

In 2010 Congress enacted the Fair Sentencing Act, which changed the penalties for crack cocaine offenses.  See Pub. L. No. 111-220, 124 Stat. 2372 (2010) (codified as amended at 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii)).  At the time, sentences for crack cocaine offenses were significantly more severe than the ones for powder cocaine, and the Act was aimed at reducing the sentencing disparities.  See Dorsey v. United States, 567 U.S. 260, 268 (2012).  "While the drug-quantity provisions for offenses involving powder cocaine remained the same, the Fair Sentencing Act increased the quantity of crack cocaine required to trigger a five-year mandatory minimum sentence from 5 grams to 28 grams and increased the quantity of crack required to trigger a ten-year mandatory minimum from 50 grams to 280 grams."  United States v. Taylor, 982 F.3d 1295, 1298 (11th Cir. 2020).

After the Fair Sentencing Act took effect in 2010, a defendant who was sentenced for a drug trafficking offense involving 50 grams of crack cocaine faced a penalty of 5 to 40 years imprisonment instead of 10 years to life.  Id.  Section 2 of that Act also reduced the minimum five-year term of supervised release to a minimum of four years.  See 21 U.S.C. § 841(b)(1)(B); Stevens, 2021 WL 1997011, at *4.  Jones was convicted of an offense involving 50 grams of crack cocaine, but the Fair Sentencing Act applied only to defendants who were sentenced after its effective date, which was August 3, 2010.  Dorsey, 567 U.S. at 282.  It did not apply to Jones because he was sentenced in 2003.

In 2018 Congress enacted the First Step Act, which authorized district courts to apply sections 2 and 3 of the Fair Sentencing Act retroactively.  The First Step Act permits, but does not require, district courts to reduce sentences imposed for "covered" crack cocaine offenses "as if" those sections of the Fair Sentencing Act had been the law when the defendant was originally sentenced.  See First Step Act § 404(b) ("A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.").

When a defendant seeks a sentence reduction under the First Step Act, his conviction is deemed a "covered offense" if it "triggered the higher penalties in

section 841(b)(1)(A)(iii) or (B)(iii)." Jones, 962 F.3d at 1301. In the present case, Jones' offense triggered a mandatory minimum of ten years imprisonment and a maximum of life under § 841(b)(1)(A)(iii) (based on the amount of crack cocaine) but also triggered the same penalties under 21 U.S.C. § 841(b)(1)(A)(ii) (based on the amount of powder cocaine). The district court determined that because the penalties for Jones' powder cocaine offenses had not been modified, Jones had not committed a "covered offense" for which First Step Act relief was available.

After the court issued its order, we held that "the First Step Act's definition of a 'covered offense' covers a multidrug conspiracy offense that includes both a crack-cocaine element and another drug-quantity element." Taylor, 982 F.3d at 1300. In Taylor the government argued that if the powder cocaine part of a defendant's offense would still trigger the same statutory sentencing range of ten years to life after the Fair Sentencing Act, he did not commit "'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act.'" Id. (quoting First Step Act § 404(a)). We rejected that argument, reasoning that "the 'statutory penalties for' a drug-trafficking offense include all the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties triggered by any one drug-quantity element." Id.

We explained:

5

Taylor's offense was conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine. Before the Fair Sentencing Act, those drug quantities satisfied the drug-quantity elements in § 841(b)(1)(A)(ii) (powder cocaine) and (A)(iii) (crack cocaine), both of which triggered the highest tier of penalties, including a sentence of imprisonment for ten years to life. After the Fair Sentencing Act, the powder-cocaine element of the offense triggered the same ten-to-life penalty, but the crack-cocaine element triggered a different, lower category of penalties. Taylor's offense was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2" of the Fair Sentencing Act, and he committed his offense before the Fair Sentencing Act became effective. That means his offense is a covered offense. First Step Act § 404(a). And the First Step Act gives a movant like Taylor who was sentenced for a covered offense the opportunity to make his case for a reduction in his sentence.

Id. at 1301.  The same is true here.  The First Step Act gives Jones the opportunity to make his case for a reduction in what is left of his sentence, which is his five-year term of supervised release.  See id.; Stevens, 2021 WL 1997011, at *1 n.1.

B.

The district court, of course, is not required to reduce Jones' sentence, even though it is authorized to do so.  See First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); Jones, 962 F.3d at 1304 ("District courts have wide latitude to determine whether and how to exercise their discretion in this context.").  Jones recognizes the court's discretion but argues that its alternative decision to deny him a sentence reduction regardless of First Step eligibility was not adequately explained to allow for appellate review.

6

The district court alternatively ruled that "even if Jones' offense did qualify for a reduction, this Court would not reduce his sentence down from the 243-month sentence imposed on November 18, 2008." That was the entirety of the court's alternative ruling. The court said nothing about why it would not reduce the sentence or the term of supervised release or what it had considered in arriving at that conclusion. After the court issued that order, we held in Stevens that while the First Step Act "does not require" district courts to consider the 18 U.S.C. § 3553(a) sentencing factors when exercising their discretion under § 404(b) of the Act, their decisions must provide enough information to "allow for meaningful appellate review." Stevens, 2021 WL 1997011, at *1.

Under Stevens the district court did not provide a sufficient explanation of its alternative basis for denying Jones' motion. See id. at *8 ("A bare bones order that solely denies or grants a sentence reduction without more is insufficient to allow for meaningful appellate review."). We must vacate and remand for further consideration of Jones' motion in light of Taylor and Stevens, both of which were issued after the district court issued its order in this case. We note that in considering Jones' request for a reduction in his supervised release term, the court is not required to hold a hearing at which Jones is present. See United States v. Denson, 963 F.3d 1080, 1086 (11th Cir. 2020) (holding that "the plain text of the

7

First Step Act does not give a defendant seeking a sentence reduction" the right to attend a hearing on his motion).

    **VACATED AND REMANDED.**