[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13736
Non-Argument Calendar

_____

D.C. Docket No. 1:03-cr-20759-MGC-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO SALCEDO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2021)


Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Guillermo Salcedo, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  After careful review, we affirm.

## I.

In 2003, Salcedo pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possessing a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2.  The district court sentenced him to 300 months' imprisonment.

In 2020, after the warden of Salcedo's prison denied his request for compassionate release, Salcedo moved in the district court for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argued that extraordinary and compelling circumstances warranted a sentence reduction for five reasons:  (1) his rehabilitation while in prison; (2) his family circumstances—his sister was unable to care for his aged, unwell mother, who lived alone, and his father suffered from emphysema and was therefore at high risk of serious illness if he contracted COVID-19; (3) his sentence would be substantially shorter if he were sentenced today because he would be subject to a lower mandatory minimum sentence; (4) the type of government sting operation that resulted in his conviction has come

2

under scrutiny; (5) his guidelines range would be lower if he were sentenced today based on amendments to the sentencing guidelines.

The district court denied the motion. It concluded that "no extraordinary and compelling reasons" warranted a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Doc. 269 at 2.[1] The court further concluded that "the factors set forth in 18 U.S.C. § 3553(a) militate[d] against release" because Salcedo's sentence adequately reflected "the serious nature" of his crime. *Id.*

This is Salcedo's appeal.

## II.

We review *de novo* a district court's determination that a defendant is ineligible for a § 3582(c) reduction. *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

A district court has no inherent authority to modify a sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c). Section 3582(c) permits a district court to reduce a prisoner's sentence in certain circumstances. Salcedo

---

[1] "Doc." numbers refer to the district court's docket entries.

3

sought a sentence reduction based on § 3582(c)(1)(A).  For a prisoner to be eligible

for a sentence reduction under this provision, a district court must find, among

other things, that "extraordinary and compelling reasons" warrant the reduction.

18 U.S.C. § 3582(c)(1)(A)(i); *see also Bryant*, 996 F.3d at 1254.

Salcedo argues that the district court erred when it determined that

extraordinary and compelling circumstances were absent from his case.  But

binding precedent forecloses his argument.

In *Bryant*, we held that when a prisoner files a reduction motion,

"extraordinary and compelling reasons" are limited to those reasons listed in the

Sentencing Commission's policy statement found in United States Sentencing

Guideline § 1B1.13.  *Bryant*, 996 F.3d at 1262.  Section 1B1.13 lists four

extraordinary and compelling reasons:  the medical condition of the defendant, the

age of the defendant, family circumstances, and other reasons.  U.S.S.G. § 1B1.13

cmt. n.1.  We held that "[o]ther reasons" are limited to those determined by the

Bureau of Prisons, not by courts.  *See Bryant*, 996 F.3d at 1263.

Only one of the five reasons for a reduction proffered by Salcedo—family

circumstances—is recognized as an "extraordinary and compelling reason" for a

reduction under § 1B1.13 cmt. n.1.  Family circumstances warrant a sentence

reduction, however, only if either the caregiver of the prisoner's minor child dies

or is incapacitated, or the prisoner's spouse is incapacitated when he would be the

only caregiver for that spouse.  U.S.S.G. § 1B1.13 cmt. n.1(C).  Because Salcedo's

difficult family circumstances pertain to his parents rather than a child or spouse,

his family circumstances do not qualify him for a sentence reduction under

§ 1B1.13 cmt. n.1(C).  We therefore cannot say the district court erred in

concluding that Salcedo was ineligible for a sentence reduction.[2]

**AFFIRMED.**

---

[2] We also reject Salcedo's argument that the district court was required to hold a hearing before denying his motion.  *See* Fed. R. Crim. P. 43(b)(4); *see also United States v. Denson*, 963 F.3d 1080, 1086 (11th Cir. 2020) (holding that prisoner seeking sentence reduction under § 3582(c)(1)(B) was not entitled to a hearing).